ORIGINAL

P WD

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

'10 FEB 16  AM 9: 55

DEPUTY CLERK _____

10 CV-300-P

| | | |
|---|---|---|
| DICKEY'S BARBECUE RESTAURANTS, INC. | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION No. _____ |
| | § | |
| | § | |
| vs. | § | |
| | § | |
| | § | |
| LIRA, LLC and LUIGI MANGIONE | § | |
| Defendants. | | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND APPLICATION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY AND PERMANENT INJUNCTION AND RECOVERY OF DAMAGES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Plaintiff Dickey's Barbecue Restaurants, Inc. ("Plaintiff") complaining of Defendants Lira, LLC ("Defendant Lira") and Luigi Mangione ("Defendant Mangione"), (sometimes collectively referred to as "Defendants"), and for cause of action would respectfully show the following:

I.

### JURISDICTION AND VENUE`

1. The action asserts a claim for a violation of a federally-registered trademark, including a claim under 15 U.S.C.§§ 1116, 1117 and 1125 and this court has jurisdiction of that claim under 15 U.S.C.§§ 1121(a), 28 U.S.C. §1338(a), and jurisdiction over all related unfair

compensation claims under 28 U.S.C. §1338(b).

2.    All other claims asserted in this action arise out of the same transaction or occurrence, so that this court has supplemental jurisdiction over all additional claims asserted in this action under 28 U.S.C. §1367(a).  Personal jurisdiction over the parties is more fully set forth in ¶ II below.

3.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 (b) and (c) because a substantial part of the events or omissions giving rise to the claim occurred within this judicial district.  Defendants executed a Franchise Agreement which contains a forum selection clause (¶ 26.3) selecting the Federal District Court for the Northern District of Texas, Dallas Division as the forum and venue in Dallas County, Texas.

II.

PARTIES

4.    Plaintiff is a Texas corporation organized and existing under the laws of the State of Texas with its principal place of business in Dallas, Dallas County, Texas.

5.    Defendant Lira, LLC is a foreign Idaho limited liability company with its principal place of business at 2441 N. Snow Goose Way, Meridian, Idaho, 83646 and which has engaged in business in Texas but does not maintain a regular place of business or a designated agent for service of process in Texas and which may be served with process at its registered office and home office by service upon its registered agent, Mr. Luigi Mangione at its registered address and home office at 2441 N. Snow Goose Way, Meridian, Idaho, 83646.  Defendant Lira, has contracted with Texas residents, by mail and otherwise on a contract performable in whole or in

PLAINTIFF'S ORIGINAL COMPLAINT AND APPLICATION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY AND PERMANENT INJUNCTION AND RECOVERY OF DAMAGES

Dickey's v. Lira, LLC                                                                                    Page 2

part in Texas with regard to the negotiation, execution, and performance of obligations under the Franchise Agreement and/or Assumption Agreement as more fully set forth below. Pursuant to ¶ 26.3 of the Franchise Agreement, Defendant Lira expressly consented to jurisdiction in the state courts of Dallas County, Texas and that service of process may be made upon Defendant Lira in any legal proceeding related to or arising out of the Franchise Agreement by any means allowed by Texas law. Pursuant to ¶26.3 and ¶26.4 of the Franchise Agreement, Defendant Lira acknowledged the parties agreement regarding the applicable Texas law and Texas forum. Pursuant to ¶ 26.5 of the Franchise Agreement, Defendant Lira acknowledged that execution of the Franchise Agreement occurred in Dallas, Texas and that performance of Defendant Lira's obligations arising under the Franchise Agreement, including payment and the satisfaction of certain training requirements occurred in Dallas, Texas. Defendant Lira has therefore engaged in acts constituting doing business in Texas pursuant to §17.042 of the Tex. Civ. Prac. & Rem Code. Defendant Lira has established sufficient minimum contacts with the State of Texas to subject it to jurisdiction in Texas and has purposefully availed itself of the laws of the State of Texas. The claims alleged below arise out of such minimum contacts and the business done in this state and to which the non-resident is a party. The assertion of jurisdiction over Defendant Lira would not offend traditional notions of fair play and substantial justice, and is consistent with constitutional requirements for due process. Accordingly, Tex. Civ. Prac. & Rem. C. §17.044(a) (1) and (b) provides that the Secretary of State of Texas shall be an agent of the non-resident corporation upon whom process may be served. The Secretary of State shall immediately cause one copy of the citation with petition attached to be forwarded by registered or certified mail

PLAINTIFF'S ORIGINAL COMPLAINT AND APPLICATION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY AND PERMANENT INJUNCTION AND RECOVERY OF DAMAGES

Dickey's v. Lira, LLC                                           Page 3

addressed to the corporation at its registered and home office, pursuant to Tex. Civ. Prac. & Rem Code §17.045(a).

6.     Defendant Luigi Mangione is an individual who is a citizen and resident of Idaho who has engaged in business in Texas but does not maintain a regular place of business or a designated agent for service of process in Texas and who may be served with process at his principal place of business and home office at 2441 N. Snow Goose Way, Meridian, Idaho, 83646. Defendant Mangione has contracted with Texas residents, by mail and otherwise on a contract performable in whole or in part in Texas with regard to the negotiation, execution, and performance of obligations under the Franchise Agreement and/or Assumption Agreement as more fully set forth below. Pursuant to the Guaranty of Your Principals, ¶1 of the Assumption Agreement and ¶ 26.3 of the Franchise Agreement, Defendant Mangione expressly consented to jurisdiction in the state courts of Dallas County, Texas and service of process may be made upon Defendant Mangione in any legal proceeding related to or arising out of the Franchise Agreement by any means allowed by Texas law. Pursuant to ¶ 26.3 and 26.4 of the Franchise Agreement, Defendant Mangione acknowledged the parties agreement regarding the applicable Texas law and Texas forum. Pursuant to ¶ 26.5 of the Franchise Agreement, Defendant Mangione acknowledged that execution of the Franchise Agreement occurred in Dallas, Texas and that performance of obligations arising under the Franchise Agreement, including payment and the satisfaction of certain training requirements occurred in Dallas, Texas. Defendant Mangione has therefore engaged in acts constituting doing business in Texas pursuant to §17.042 of the Tex. Civ. Prac. & Rem Code. Defendant Mangione has established sufficient minimum contacts with

PLAINTIFF'S ORIGINAL COMPLAINT AND APPLICATION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY AND PERMANENT INJUNCTION AND RECOVERY OF DAMAGES

Dickey's v. Lira, LLC                                                                Page 4

the State of Texas to subject himself to jurisdiction in Texas and has purposefully availed himself

of the rights and benefits of the laws of the State of Texas. The claims alleged below arise out of

such minimum contacts and the business done in this state and to which the non-resident is a

party. The assertion of jurisdiction over Defendant Mangione would not offend traditional

notions of fair play and substantial justice, and is consistent with constitutional requirements for

due process. Accordingly, Tex. Civ. Prac. & Rem. C. §17.044(a) (1) and (b) provides that the

Secretary of State of Texas shall be an agent of the non-resident upon whom process may be

served. The Secretary of State shall immediately cause one copy of the citation with petition

attached to be forwarded by registered or certified mail addressed to the non-resident at his

principal place of business and home office, pursuant to Tex. Civ. Prac. & Rem Code §17.045(a).

III.

FACTUAL BACKGROUND

7.     Plaintiff or its predecessors in interest have engaged in the business of operating

barbecue restaurants and selling food, food products and catering services to the public since

1941.

8.     The business of the Plaintiff has grown from small beginnings, on or about March

7, 1994 to a large and prosperous business. Plaintiff now possesses more than 115 franchise

restaurants throughout the United States in which Plaintiff's food, food products and catering

services are sold exclusively.

9.     Plaintiff has acquired the right to develop and as a result of the expenditure of

time, skill, effort and money has developed, a unique and distinctive system relating to the

establishment and operation of counter-style quick-service restaurants under the name and mark "Dickey's Barbecue Pit" featuring the sale of freshly-prepared barbecued meats and other food products (the "System").

10.    The distinguishing characteristics of the System include, without limitation, distinctive exterior and interior design, décor, color scheme and furnishings; special recipes and menu items, uniform standards, specifications and procedures for operations, quality and uniformity of products and services, inventory and management control, training and assistance and advertising and promotional programs; all of which may be changed, improved and further developed by Plaintiff from time to time.

11.    Plaintiff determined to continue development of the System through the granting of franchises using certain trade names, service marks, trademarks, symbols, logos, name and emblems, and indicia of origin, including but not limited to the mark "Dickey's Barbecue Pit" and such other trade names, service marks and trademarks as Dickey's may develop in the future to identify for the public the source of services and products marketed under these marks and under the System and representing the System's high standards of quality, appearance, and service (collectively, the "Proprietary Marks").

12.    On or about March 20, 2006, Plaintiff and Defendant Lira's predecessor in interest Lira, Inc. executed that certain Franchise Agreement concerning the operation of a Dickey's Barbecue Pit at 2441 N. Snow Goose Way, Meridian, Idaho, 83646 (the "Franchise").

13.    Effective March 1, 2007, Plaintiff and Defendant Lira executed that certain Assumption Agreement (the "Assumption Agreement") in which Defendant Lira assumed the

rights, liabilities and obligations of Lira, Inc. with regard to the operation under the Franchise Agreement. Defendant Mangione additionally guaranteed the covenants, representations and warranties of the Franchisee and acknowledged and accepted the undertakings of the principals in the Agreement.

14.     Article 4 of the Franchise Agreement described above, provides for the payment of a monthly royalty fee as calculated therein.

15.     Article 5 of the Franchise Agreement described above, provides for the payment of an advertising fee as calculated therein.

16.     With regard to the Franchise, Defendant Lira has failed to pay the royalty fee or the advertising fee due October 10, 2009 or any month thereafter in the total amount of $16,203.93 as of February 9, 2010. Such royalty fees and advertising fees are more fully set forth in the verification and the statement of account attached to the Appendix of this Complaint as Exhibit "A" and incorporated herein by reference. Further, Plaintiff has incurred additional damages, costs and expenses as a result of the default and termination of the Franchise Agreement more fully described below. Such additional costs and expenses incurred by Plaintiff as a result of defendants' default and termination are recoverable against Defendants pursuant to Article H. and I. of the Franchise Agreement.

17.     By correspondence dated December 7, 2009 and December 30, 2009 respectively, both Plaintiff and Plaintiff's counsel gave Defendants notice of default based upon the following events of default:

1.     Failure by the franchisee to pay applicable royalty fees;

2.    Failure by the franchisee to make applicable contributions to the Marketing Fund;

3.    Failure by the franchisee to have the subject restaurant open for business on Friday, November 27, 2009;

4.    Failure by the franchisee to account for off site sales from a trailer which is located routinely at Boise State University;

5.    Failure by the franchisee to disclose all sales records for all operations both on site and off site;

6.    Failure by the franchisee to allow the Dickey's representative to inspect the restaurant premises and review accounting records.

18.    By correspondence dated January 19, 2010, Plaintiff gave Defendants notice of termination of the Franchise Agreement and notified Defendants that, pursuant to the terms of Article 17 of the Franchise Agreement, all rights granted to Defendants under the Franchise Agreement had terminated and Defendants were commanded as follows:

A.    You shall immediately cease to operate the Restaurant as a Dickey's Restaurant and shall not thereafter directly or indirectly, represent to the public or hold yourself out as a present or former franchisee of Dickey's.

B.    You shall immediately and permanently cease to use, in any manner, any confidential methods, procedures, techniques, and trade secrets associated with the System, the Proprietary Marks, and all other distinctive forms, slogans, signs, symbols and devices associated with the System, as set forth in the Manuals.  In particular, you shall cease to use, without limitation, all signs, advertising materials, displays, stationary, forms, and any other articles which display the Proprietary Marks.

C.    You shall take such action as may be necessary to cancel any assumed name or equivalent registration which contains the mark Dickey's Barbecue Pit or any part thereof or any other service mark or trademark of Dickey's and you shall furnish Dickey's with evidence satisfactory to Dickey's of compliance with this obligation within five (5) days, after the termination or expiration of the

PLAINTIFF'S ORIGINAL COMPLAINT AND APPLICATION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY AND PERMANENT INJUNCTION AND RECOVERY OF DAMAGES

Dickey's v. Lira, LLC                                                                          Page 8

Agreement.

D.    You are instructed to make such modifications or alterations to distinguish the appearance of such premises from that of other restaurants operating under the System and shall make such specific additional changes as Dickey's may reasonably request. If you fail or refuse to comply with the requirements of Article 17(D) of the Franchise Agreement,   Dickey's shall have the right to enter upon the premises of the franchised business, without being guilty of trespass or any other crime or tort, to make or cause to be made such changes as may be required, at your expense, which expense you shall pay upon demand.

E.    You shall comply with all terms, conditions and provisions of the Confidentiality and Non-Compete Agreement dated March 20, 2006, including but not limited to the prohibition of the sale of smoked meats and sausages.

19    On January 29, 2010, subsequent to the termination of the Franchise Agreement, Mr. Daniel Sibley, Director of Construction for Plaintiff, made an on-site inspection of the franchise location to determine whether such franchisee had complied with the notice of termination and the franchisee's post-termination obligations under the Franchise Agreement. As more fully described in the Affidavit of Daniel Sibley filed contemporaneously herewith, Mr. Sibley discovered that (a) Defendants had continued operation of a restaurant named "L.L. Barbecue Pit" at the franchise location including food business which offers barbecue-style food as a primary menu item in violation of Article 18 of the Franchise Agreement; (b) Defendants had continued to use, disclose, advertise, promote and display Plaintiff's Trademarks, Proprietary Marks, Trade Secrets and the Dickey's System by the use of electric exterior signs over the entrance, Dickey's System menu signboards hung from the ceiling, large electric drive-thru menu signboard, Dickey's System yellow plastic cups, plates, paper cups, paper products and other items authorized and licensed by Plaintiff; (c) Defendants have continued to use the Dickey's

PLAINTIFF'S ORIGINAL COMPLAINT AND APPLICATION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY AND PERMANENT INJUNCTION AND RECOVERY OF DAMAGES

Dickey's v. Lira, LLC                                             Page 9

System décor including historic black and white photographs, antique guns, utensils, wall art, longhorns, tables, chairs and other décor items appearing on the walls and resting on the floor of the restaurant; (d) Defendants have continued to serve food utilizing secret recipes constituting trade secrets owned by Plaintiff; and (e) Defendants have otherwise breached covenants of confidentiality, covenants not to compete and have misappropriated trade secrets to their own use and benefit.

IV.

CAUSES OF ACTION

COUNT NO. 1 -TRADEMARK INFRINGEMENT-LANHAM ACT

20.     Paragraphs 7 through 19 above are incorporated herein by reference as if fully set forth herein.

21.     Beginning at least as early as 1941, Plaintiff's predecessors in interest  adopted and began to used the name "Dickey's."  Beginning at least as early as June, 1994, Plaintiff adopted and began to use "A Texas Tradition Since 1941 Dickey's Barbecue Pit."  Beginning at least as early as August 27, 2004, Plaintiff adopted and began to use "Since 1941 Dickey's Barbecue Pit". The marks "Dickey's" and "Since 1941 Dickey's Barbecue Pit" have come to mean and is understood to mean the Plaintiff and Plaintiff's products only, and the word "Dickey's" is a mark by which the products of the Plaintiff are distinguished from products of the same class of services, being restaurant carry-out, restaurant and catering services.  This is true throughout the United States, including the State of Idaho and the City of Meridian. Plaintiff's restaurants are operated under the name Dickey's Barbecue Pit.

22.     Plaintiff, after due and proper recording, in that behalf, duly registered its trademark "Dickey's" in the United States Patent and Trademark Office on May 1, 2007 under Registration No. 3,237,281. The registration is valid and subsisting, uncancelled, and unrevoked and Plaintiff is the owner of such trademark. A true and correct copy of the registration is attached to the Appendix of this Complaint as Exhibit "B" and incorporated herein by reference.

23.     Plaintiff after due and proper recording, duly registered its trademark containing "A Texas Tradition Since 1941 Dickey's Barbecue Pit" in the United States Patent and Trademark Office on June 11, 1996 under Registration No. 1, 980,072. The registration is valid and subsisting, uncancelled and unrevoked and Plaintiff is the owner of such trademark. A true and correct copy of the registration is attached to the Appendix of this Complaint as Exhibit "C" and incorporated herein by reference.

24.     Plaintiff after due and proper recording, duly registered its trademark containing "Since 1941 Dickey's Barbecue Pit" in the United States Patent and Trademark Office on February 6, 2007 under Registration No. 3,201,121. The registration is valid and subsisting, uncancelled and unrevoked and Plaintiff is the owner of such trademark. A true and correct copy of the registration is attached to the Appendix of this Complaint as Exhibit "D" and incorporated herein by reference. The trademarks described above as Exhibits B-D are collectively referred to herein as the "Trademarks."

25.     Plaintiff has consistently used the Trademarks and other Proprietary Marks in its System at its restaurants and with regard to catering services, food and food products, as served, prepared and sold by the Plaintiff.

PLAINTIFF'S ORIGINAL COMPLAINT AND APPLICATION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY AND PERMANENT INJUNCTION AND RECOVERY OF DAMAGES

Dickey's v. Lira, LLC                                                                                          Page 11

26.     Plaintiff has widely used the Trademarks and other Proprietary Marks in Dickey's System literature and advertising by which the appearance of the Trademarks and other Proprietary Marks, have been recognized in the trade and by the public at large as identifying restaurants, catering services, food and food products sold by the Plaintiff through its System.

27.     Plaintiff has established itself as the lawful owner and user of the Trademarks and other Proprietary Marks described above generally, and specifically as applied to System restaurants, catering services, food and food products.

28.     Plaintiff has continuously used the Trademarks and other Proprietary Marks in its System in association with its counter-style, quick-service barbecue restaurants, catering services, food and food products, from the date of registration to the present date.

29.     During the period of use, Plaintiff has extensively advertised and promoted, at expenses exceeding $16,000,000.00, its restaurants, catering services, food and food products bearing the Trademarks and other Proprietary Marks in its System. Plaintiff's restaurants, catering services, food and food products, have met with popular approval as a result of Plaintiff's extensive sales and advertising.

30.     During the period of use, Plaintiff's franchisees have sold in interstate commerce a very substantial quantity of catering services, food and food products, bearing the Trademarks and other Proprietary Marks in its System.

31.     The Trademarks and other Proprietary Marks  of the System have, by these means become well known among purchasers. Due to the high quality of the restaurants, catering services, food and food products sold under the Trademarks and other Proprietary Marks of the

System, and the large advertising expenditures and sales by Plaintiff's franchisees, the Trademarks

and other Proprietary Marks of the System have acquired good will valued greatly in excess of

$25,500,000.00, representing to buyers in the trade the high quality of the restaurants, catering

services, food and food products served, prepared and sold by the Plaintiff's franchisees at their

restaurants.

      32.     Since the termination of the Franchise Agreement, Defendants, without license

from Plaintiff, have operated an apparent new restaurant now sometimes called "L.L. Barbecue

Pit" at the same location and continued to use the Trademarks and other Proprietary Marks of the

Dickey's System and have promoted, sold, and advertised a competing restaurant, catering

services, food and food products at such apparent new restaurant and under the Trademarks and

other Proprietary Marks of the Dickey's System. Defendants have failed to remove the

Trademarks and other Proprietary Marks of the Dickey's System on their own apparent new

restaurant, catering services, food and food products tending falsely to describe or represent

them. Specimens of Defendants continued use of Plaintiff's Trademarks and other Proprietary

Marks continue to be displayed are attached to the Affidavit of Daniel Sibley and incorporated

herein by reference.

      33.     Defendants continued to use the Trademarks and other Proprietary Marks of the

Dickey's System in the advertising, promotion, offering for sale, display and distribution of food,

food products and catering services at its restaurant with full knowledge of the termination of the

Franchise Agreement and the termination of their right to use the Trademarks and other

Proprietary Marks of the Dickey's System as more fully described and prohibited by Article 10 of

the Franchise Agreement .

34.    As a result of Defendants continued use of the Trademarks and other Proprietary Marks of the Dickey's System on their apparent new restaurant, catering services, food and food products of the Defendants, Plaintiff's registered Trademarks and other Proprietary Marks of the Dickey's System are enabled to and do substitute and pass off Defendants' restaurant, catering services, food and food products bearing  the Trademarks and other Proprietary Marks of the Dickey's System as the products of the Plaintiff.

35.    Plaintiff's catering services, food and food products bearing the Trademarks and other Proprietary Marks of the Dickey's System are sold in interstate commerce and Defendants' catering services, food and food products bearing the Trademarks and other Proprietary Marks of the Dickey's System are sold at its restaurant in interstate commerce and constitute an infringement of Plaintiff's Trademarks and other Proprietary Marks of the Dickey's System.

36.    Defendants' use of the Trademarks and other Proprietary Marks of the Dickey's System is without the license or consent of Plaintiff and the food, food products and goods of the Defendants are of the same descriptive properties as those set forth in Plaintiff's registration.

37.    The Trademarks and other Proprietary Marks of the Dickey's System used by Defendants while displaying the notice of a federal trademark registration of the letter R enclosed in a circle ((R)), is false labeling by Defendants because Defendants are no longer a franchisee of Plaintiff authorized to sell such food, food products and goods.

38.    Defendants continued usage of the Trademarks and other Proprietary Marks of the Dickey's System in association with Defendants' apparent new restaurant, catering services, food

and food products has caused and is likely to cause confusion in the trade and is likely to deceive consumers as to the source and origin of the Defendants' catering services, food and food products sold in their restaurant.

39.     The acts of Defendants, as described above, will nullify the right of Plaintiff to the exclusive use, free from infringement, of the Trademarks and other Proprietary Marks of the Dickey's System described in this Complaint.

40.     The acts of Defendants constitute trademark infringement, false designation of origin and dilution of trademark under the laws of the United States including, without limitation, 15 U.S.C. § 1116,1117 and 1125. The Defendants use of Plaintiff's Trademarks and other Proprietary Marks of the Dickey's System amounts to unfair competition and has deprived the Plaintiff of money and profits that it otherwise would have earned had the Defendants' illegal and improper conduct had not occurred.

41.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered actual damages in the form of lost profits, lost sales, lost revenues, and out of pocket expenses in an amount within the jurisdictional limits of the Court. In addition, Plaintiff is entitled to recover treble profits or damages, whichever is greater under 15 U.S.C. §1117.

## COUNT NO. 2 – BREACH OF COVENANT NOT TO COMPETE

42.     Paragraphs 7 through 41 above are incorporated herein by reference as if fully set forth herein.

43.     The Franchise Agreement in Article 18 between Plaintiff and Defendants includes

certain confidentiality and non-compete covenants which provide in pertinent part as follows:

2.    With respect to you, for a continuous, uninterrupted period commencing upon the expiration or termination of, or transfer of all of your interest in, this Agreement, or with respect to each of your Principals, for a continuous uninterrupted period commencing upon the earlier of: (i) the expiration, termination or transfer of all of your interest in this Agreement or (ii) the time such individual or entity ceases to satisfy the definition of "your Principal" in Article 25(F), and for **two (2) years** thereafter, except as otherwise approved in writing by Dickey's, neither you nor any of your Principals shall, either directly or indirectly, for yourselves or through, on behalf of or in conjunction with any person(s), partnership or corporation:

a.    divert or attempt to divert any business or customer of the franchised business to any competitor, by direct or indirect inducement or otherwise, or do or perform, directly or indirectly, any other act injurious or prejudicial to the goodwill associated with Dickey's Proprietary Marks and the System; or

b.    employ or seek to employ any person who is at the time employed by Dickey's, by an affiliate of Dickey's, or by any other franchisee or developer of Dickey's, or otherwise directly or indirectly induce such person to leave that person's employment, except as may be permitted under any existing Development Agreement or franchise agreement between Dickey's and you; or

c.    own, maintain, operate, engage in or have any financial or beneficial interest in (including interest in corporations, partnerships, trusts, unincorporated associations or joint ventures), advise, assist or make loans to, any business which is the same as or similar to the franchised business including, but not limited to, **any food business which offers barbecue-style food as a primary menu item,** which business is, or is intended to be, located within a **five(5) mile radius** of the location approved hereunder or of any "Dickey's Barbecue Pit" restaurant in existence or under construction as of the earlier of; (i) the expiration or termination of, or the transfer of all of your interest in, this Agreement; or (ii) the time your Principal cease to satisfy the definition of your Principal, as applicable.
(emphasis added)

44.    On January 19, 2010 the Franchise Agreement was terminated. Subsequently,

PLAINTIFF'S ORIGINAL COMPLAINT AND APPLICATION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY AND PERMANENT INJUNCTION AND RECOVERY OF DAMAGES

Dickey's v. Lira, LLC                                                                                                Page 16

Defendant continued to operate a restaurant selling barbecue meats and food products the same as or in competition with Plaintiff at the franchise location.

45.     Plaintiff and Defendants entered into a valid and enforceable contract comprising a covenant not to compete.   The contract is ancillary to an otherwise enforceable agreement because it is part of a valid Franchise Agreement that includes promises by Plaintiff to provide Defendant with trade secrets in exchange for a promise by Defendants not to reveal those secrets. Furthermore, the Franchise Agreement also includes a promise by Plaintiff to provide specialized training, advertising, national marketing, software license, franchise operation assistance  and other good and valuable consideration.

46.     The non-compete agreement is reasonably limited in time to a two (2) year period. It is also reasonably limited in geographical area because it restricts Defendant from soliciting former customers within a five (5) mile radius.   The non-compete agreement is also reasonably limited in scope because it only limits Defendants with regard to any business which is the same or similar to the Restaurant, including but not limited to,  any food business which offers barbecue styled food as a primary menu item.   These limitations as to time, geographical area, and scope of activity are reasonable and do not impose a greater restraint than is necessary to protect the goodwill and other business interest of Plaintiff.

47.     Plaintiff has been injured as a direct and proximate result of Defendants' breach of the covenant not to compete.

48.     As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of lost profits, lost sales, lost revenues and out of pocket expenses in an amount within the

PLAINTIFF'S ORIGINAL COMPLAINT AND APPLICATION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY AND PERMANENT INJUNCTION AND RECOVERY OF DAMAGES

Dickey's v. Lira, LLC                                                                                                   Page 17

jurisdictional limits of this Court.

COUNT NO. 3- MISAPPROPRIATION OF TRADE SECRETS

49.     Paragraphs 7 through 48 above are incorporated herein by reference as if fully set forth herein.

50.     Plaintiff is engaged in the business of franchising barbeque restaurants throughout the United States. The Franchise Agreement includes certain confidentiality provisions, including, without limitation, Articles 8.12, 11 and 12 which require the franchisee to abide by the System for the operation of its restaurants. The operation of the restaurants requires Plaintiff to allow franchisees access to certain confidential and proprietary information related to the System's high standards of quality, appearance and service and distinctive exterior and interior design, décor, color scheme and furnishings; special recipes and menu items; uniform standards, specifications and procedures for operations; quality and uniformity of products and services offered; procedures for inventory and management control; training and assistance; and advertising and promotional programs which are used by Dickey's in the operation of the System ("Trade Secrets"). Plaintiff incurred substantial expense and other burdens in developing these Trade Secrets.

51.     These Trade Secrets were, at all pertinent times, kept in the strictest confidence and considered to be trade secrets belonging solely to Plaintiff.

52.     On or about January 19, 2010 the Franchise Agreement was terminated and Defendants obtained, for their own use, Plaintiff's Trade Secrets. The Trade Secrets were obtained through a confidential relationship with Plaintiff or under circumstances giving rise to a

duty not to use or disclose the Trade Secrets without Plaintiff's permission.

53.     Since obtaining Plaintiff's Trade Secrets, Defendants have the information for purposes of operating a restaurant at the franchise location. In fact, Defendant has used the Trade Secrets to compete directly with Plaintiff in Plaintiff's same line of business.

54.     Plaintiff was at all material times the owner of the Trade Secrets involving the operation of a barbecue restaurant.

55.     Defendants improperly acquired the Trade Secrets and misappropriated them to their own use by continuing to use the Trade Secrets after the termination of the Franchise Agreement without the authority, consent or license of the Plaintiff and in violation of the Franchise Agreement including the confidentiality provisions.

56.     Plaintiff incurred substantial damage as a direct and proximate result of Defendants' use and/or disclosure of Plaintiff's Trade Secrets. Plaintiff is entitled to recover its actual damages from Defendants in an amount within the jurisdictional limits of the Court.

57.     As a result of Defendants' misappropriation of trade secrets, Plaintiff has further suffered consequential damages in the form of lost profits, lost sales, lost revenues, out of pocket expenses in an amount within the jurisdictional limits of the Court.

<u>COUNT NO. 4-SUIT ON ACCOUNT-DEFENDANT LIRA</u>

58.     Paragraphs 7 through 57 above are incorporated herein by reference as if fully set forth herein.

59.     As more particularly shown in the verified account attached to Plaintiff's complaint, from October 2009 to the present date, Defendant Lira purchased for the Franchise certain items,

materials and services from Plaintiff in the regular course of business, wherein Defendant Lira profited from the items, materials and services and has failed to pay the outstanding invoices.

      60.     The Plaintiff sold and delivered to Defendant Lira items, materials and services consisting of the use of trademarks, trade names, trade dress and marketing and advertising services for the Franchise.  The sales were made at the special instance and request of  Defendant Lira, and the items, materials and services were sold and delivered in the regular course of business.  In consideration of the sales on which a systematic record has been kept, Defendant Lira promised and became bound and liable to pay the Plaintiff the prices charged for the items, materials and services in the total amount of $16,203.93 as of February 9, 2010, being a reasonable charge for such items, materials and services.  The prices charged are in accordance with the agreement of Plaintiff and Defendant Lira and/or are the usual customary and reasonable prices for those items, materials and services.

      61.     Defendant Lira received the items, materials and services and has not at the time of filing of this suit rejected the same.  Plaintiff would show the Court that the value of the subject items, materials and services (upon which a systematic record has been kept) received by Defendant Lira from Plaintiff is a sum equal to $16,203.93 as of February 9, 2010.

      62.     Defendant Lira has failed and refused to pay all or any part of the amounts due and payable for the items, materials and services as reflected in the account more fully described above.  The account and charges set forth therein are all just and true.  All just and lawful payments, offsets and credits have been applied to the account.

      63.     Plaintiff has made numerous demands upon Defendant Lira to pay such sum due, however, Defendant Lira refused and failed and still refuses and fails to pay Plaintiff such sum or any

part thereof, all to Plaintiff's damage.

## COUNT NO. 5-BREACH OF CONTRACT-DEFENDANT LIRA

64.     Paragraphs 7 through 63 above are incorporated herein as if fully set forth.

65.     In the alternative, Plaintiff entered into an express written agreement with Defendant Lira whereby Plaintiff agreed to provide certain franchise services and marketing and advertising services for the Franchise more fully described in the applicable Assumption Agreement and Franchise Agreement. In the alternative, Plaintiff and Defendant Lira entered into an implied in fact contract whereby the Defendant Lira accepted the items, materials and services with the knowledge that they were offered at a certain price based upon the parties previous conduct and dealings (including prior sales). In consideration of Plaintiff's agreement to provide such items, materials and services, Defendant Lira promised to pay Plaintiff as more fully set forth above.

66.     Plaintiff has fully performed all conditions, covenants, and obligations under the agreements. Defendant Lira has breached its contract with Plaintiff by failing and refusing to pay Plaintiff the contractual amounts and prices. After all just and lawful offsets, credits and payments have been applied, there remains due and owing to Plaintiff the contract account amount of $16,203.93 as of February 9, 2010, plus amounts incurred as of February 9, 2010 for damages, costs, expenses and legal fees as a result of the default and termination for the Franchise Agreement which are recoverable pursuant to Article. 17I. of the Franchise Agreement including, without limitation, travel fees of $ 2,534.38, pre-suit legal/administrative fees of $14,002.84, additional employee time and compensation of $9,948.91, Sysco supplier product charge backs of $6,547.20, Sysco freight charges of $1,757,70 and postage and delivery of $56.00 for a total of $51,050.96 as of February 9, 2010. Plaintiff has

requested payment from Defendant Lira but Defendant Lira has failed and refused to do so. All conditions precedent to Plaintiff's right to recovery have been performed or have occurred.

<u>COUNT NO. 6-BREACH OF GUARANTY-DEFENDANT MANGIONE</u>

67.     Paragraphs 7 through 66 above are incorporated herein by reference as if fully set forth herein.

68.     As a part of the Franchise Agreement, Defendant Mangione executed a "Guaranty of Your Principals" in which Defendant Mangione guaranteed the covenants, representations and warranties of the Franchisee and acknowledged and accepted the undertakings of the principals in the Franchise Agreement. Plaintiff is the present owner and holder of the respective "Guaranty of Your Principals" of the Franchise Agreement. Defendant Mangione is liable on the "Guaranty of Your Principals" as a result of Defendant Lira's breach of contract more fully alleged above. Defendant Mangione has failed and refused and continues to fail and refuse to perform his obligations under the respective "Guaranty of Your Principals" of the Franchise Agreement by paying to Plaintiff all amounts due thereunder. After all just and lawful offsets, credits and payments have been applied, there remains due and owing by Defendant Mangione the amount of $51,050.96 as of February 9, 2010. All conditions precedent to Plaintiff's right to recover have been performed or have occurred.

<u>COUNT NO. 7- ACCOUNTING</u>

69.     Paragraphs 7 through 68 above are incorporated herein by reference as if fully set forth herein.

70.     Prior to the termination of the Franchise Agreement, Defendant Lira has

conducted certain remote off-site sales including, without limitation, sales from a trailer which is located routinely at Boise State University.  Subsequent to the termination of the Franchise Agreement, Defendants have profited form certain sales arising from Defendants' infringement, false designation of origin, dilution of trademark and other unfair competition without the license, consent or permission of the Plaintiff. Defendant Lira has further failed to disclose all sales records for all operations, both on-site and off-site, or to allow Dickey's representatives to inspect the restaurant premises and review all accounting records.  The exact amounts and nature of the amounts due to Plaintiff are unknown to Plaintiff and can not be exactly determined without an accounting of the financial and accounting books and records of Defendants.  An investigation of the financial books and records of Defendants is necessary since there is no adequate remedy at law and in order to establish the amounts due to Plaintiffs.  Plaintiffs request the Court order an accounting of the transactions between the parties.

<u>COUNT NO. 8-TEMPORARY RESTRAINING ORDER AND TEMPORARY AND PERMANENT INJUNCTION</u>

71.    Paragraphs 7 through 70 are incorporated herein by reference as if fully set forth herein.

72.    Unless restrained by the Court, the Defendants will continue their illegal conduct and infringe Plaintiff's registered Trademarks and other Proprietary Marks of the Dickey's System and misappropriate the Trade Secrets of the Plaintiff.  Defendants will greatly impair or destroy the value of the business of Plaintiff.  As a result of Defendants' actions, Plaintiff has and will continue to suffer irreparable injury from which Plaintiff has no adequate remedy at law.

PLAINTIFF'S ORIGINAL COMPLAINT AND APPLICATION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY AND PERMANENT INJUNCTION AND RECOVERY OF DAMAGES

Dickey's v. Lira, LLC                                                                    Page 23

73.     As set forth in the verified complaint, the Affidavit of Daniel Sibley, the Affidavit of Michelle Frazier and the supporting Brief, Defendants are improperly using the Plaintiff's Trademarks, Proprietary Marks and Trade Secrets in a manner that severely injures the Plaintiff.

74.     There is a substantial likelihood that the Plaintiff shall prevail in a trial on the merits in this action. Defendants' continued use of the Trademarks, Proprietary Marks and Trade Secrets of the Dickey's System constitutes actionable trademark infringement, passing off and false designation of origin under the Lanham Act and misappropriation of Trade Secrets.

75.     In the meantime, pending trial on the merits, Plaintiff is being irreparably injured by Defendants' acts. The Affidavit of Daniel Sibley shows that the Defendants' appropriation of the Plaintiff's property rights in the Trademarks, Proprietary Marks and Trade Secrets of the Dickey's System is not only severe, but is of a nature so that there is no adequate remedy at law.

76.     If the Defendants were compelled to comply with the requested injunctive relief, the Defendants would suffer virtually no hardship since the law does not recognize any hardship that flows from requiring a party to abstain from the misappropriation of another's property. Any hardship suffered by the Defendants in complying with the requested injunctive relief is not comparable or compensible because Defendants did not establish the Trademarks, Proprietary Marks and Trade Secrets of the Dickey's System, as Plaintiff did, by means of long, continuous, extensive use, expensive and protracted promotion and registration of the Trademarks in association with restaurants, food, food products and goods.

77.     Plaintiff is willing to post a bond or other security in the amount the Court deems

PLAINTIFF'S ORIGINAL COMPLAINT AND APPLICATION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY AND PERMANENT INJUNCTION AND RECOVERY OF DAMAGES

Dickey's v. Lira, LLC                                                                                           Page 24

appropriate under F.R.C.P. 65 (c). No prior request for this or similar relief has been made.

78.    This application is based upon this verified Complaint, the Affidavit of Daniel Sibley (Appendix), the Affidavit of Michelle Frazier (Appendix), the supporting brief, the exhibits to the Complaint and the Affidavits attached to the Appendix, all of the papers and records on file in this action, and whatever evidence and argument may be presented at the hearing of this application.

V.

ATTORNEYS' FEES

79.    Plaintiff has presented its claim to Defendants and demanded payment. More than thirty (30) days have expired since such demand was made, however, the accounts and indebtednesses have not been paid or satisfied. Plaintiff necessarily employed the undersigned attorneys to bring suit and has agreed to pay reasonable attorney's fees for their services for one trial or hearing of this cause and additional reasonable amounts for any other trials, hearings or appeals in this or any other court, to which Plaintiff is entitled under Article 38.001 Texas Civil Practice and Remedies Code, 15 USC § 1117(a) and pursuant to the Franchise Agreement, including, without limitation, Art. 17.

VI.

PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff Dickey's Barbecue Restaurants, Inc. prays that Defendants Lira, LLC and Luigi Mangione be cited to appear and answer herein and upon preliminary and final determination hereof, Plaintiff Dickey's Barbecue Restaurants, Inc. prays for

PLAINTIFF'S ORIGINAL COMPLAINT AND APPLICATION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY AND PERMANENT INJUNCTION AND RECOVERY OF DAMAGES

Dickey's v. Lira, LLC                                                                                          Page 25

judgment against the Defendants Lira, LLC and Luigi Mangione awarding Plaintiff Dickey's Barbecue Restaurants, Inc.:

1.    Its actual damages;

2.    A temporary restraining order and subsequently a preliminary and final injunction against Defendants, their officers, agents, servants, employees, attorneys, privies, successors, assigns and all claiming any rights through them and those persons in active concert or participation with them restraining them from:

a.    Operating the restaurant located at 2441 N. Snow Goose Way, Meridian, Idaho 83646 and shall not thereafter directly or indirectly, represent to the public or hold themselves out as a present or former franchisee of Dickey's.

b.    Using, in any manner, any confidential methods, procedures, techniques, and Trade Secrets, associated with the System, the Trademarks, the Proprietary Marks, and all other distinctive forms, slogans, signs, symbols, devices associated with the System, as set forth in the manuals including all signs, advertising materials, displays, stationary, forms, and other articles which display the Trademarks, the Proprietary Marks and Trade Secrets as those terms are defined in the Franchise Agreement.

c.    Using, disclosing, advertising, promotion or display of the Trademarks, Proprietary Marks and Trade Secrets of Dickey's Barbecue Restaurants, Inc., or its System as such terms are defined in the Franchise Agreement.

d.    Offering for sale, sale or distribution of food, food products and catering services in any manner by falsely designating the origin of the Defendants' products in a manner that is

likely to cause confusion, mistake or deception as to the affiliation, connection or association of Defendants with, or to Plaintiff Dickey's Barbecue Restaurants, Inc. or its System.

      e.     Passing off or otherwise representing to the public in any way that the products sold by Defendants emanates from or is related in source or sponsorship or any other way to Plaintiff Dickey's Barbecue Restaurants, Inc.

      f.     Infringing on Plaintiff Dickey's Barbecue Restaurants, Inc. common-law rights by using, advertising, promotion, display, distribution, offering for sale, and sale of any product copying Plaintiff's System, Trademarks, Proprietary Marks and Trade Secrets.

      g.     Injuring Plaintiff Dickey's Barbecue Restaurants, Inc.'s business reputation or diluting the distinctive quality of Dickey's Barbecue Restaurants, Inc.'s System, Trademarks, Proprietary Marks and Trade Secrets.

      h.     Engaging in deceptive trade practices or acts in the conduct of their business by using, advertising, promotion, display, distribution, offering for sale, and sale of food, food products, and catering services at their restaurant or otherwise, copying the Dickey's Barbecue Restaurants, Inc.'s System, Trademarks, Proprietary Marks and Trade Secrets.

      i.     Violating the confidentiality and non-compete agreements set forth in the Franchise Agreement including, without limitation, by owning, maintaining, operating, engaging in or having any financial or beneficial interest in, advising, assisting or making loans to, any business which is the same as or similar to a Dickey's restaurant, including, but not limited to, any food business which offers barbecue-style food as a primary menu item which business is, or is intended to be, located within a five (5) mile radius of 2441 N. Snow Goose Way, Meridian, Idaho 83646

PLAINTIFF'S ORIGINAL COMPLAINT AND APPLICATION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY AND PERMANENT INJUNCTION AND RECOVERY OF DAMAGES

Dickey's v. Lira, LLC                                             Page 27

for a period of two (2) years following the termination of the Franchise Agreement on January 19, 2010.

3.      An accounting for damages and profits arising from Defendants' infringement, false designation of origin, unfair competition and breach of the Franchise Agreement, including all profits realized from the sale of the food, food products and goods at their restaurant or otherwise;

4.      An order that all manuals, signs, sign boards, electric signs, menus, prints, displays, packages, plates, cups, décor items, photographs, wrappers, receptacles, or advertisements or other items constituting a part of the Dickey's System in the possession of Defendants bearing the infringing Trademarks, Proprietary Marks, Trade Secrets or constituting part of the System must be delivered up to the Court for impounding during the pendency of this action and upon final hearing an order that such material be destroyed;

5.      Plaintiff recover treble profits or damages, whichever is greater under 15 U.S.C. §1117;

6.      Prejudgment interest thereon at the highest rate allowed by law until the date of judgment and post judgment interest thereon as provided by law from the date of judgment until paid;

7.      Costs of Court;

8.     Such other and further relief to which Plaintiff Dickey's Barbecue Restaurants, Inc. may show itself justly entitled.

Respectfully submitted,

WESNER COKE & CLYMER, P.C.

By _Stephen A. Coke_

Stephen A. Coke
Texas State Bar No. 04519000
Richard W. Winn
Texas State Bar No. 21779700
Three Galleria Tower - Suite 800
13155 Noel Road
Dallas, Texas 75240
Telephone: (972) 770-2600
Fax: (972) 770-2601
E-mail: scoke@wccpc.com
       rwinn@wccpc.com
ATTORNEYS FOR PLAINTIFF
DICKEY'S BARBECUE RESTAURANTS, INC.

PLAINTIFF'S ORIGINAL COMPLAINT AND APPLICATION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY AND PERMANENT INJUNCTION AND RECOVERY OF DAMAGES

Dickey's v. Lira, LLC                                               Page 29

## VERIFICATION

| STATE OF TEXAS | § |
| COUNTY OF DALLAS | § |
|  | § |

BEFORE ME, the undersigned authority, on this day personally appeared the undersigned affiant, Michelle Frazier, who being duly sworn on oath states that she is Vice-President of Accounting and Administration of Dickey's Barbecue Restaurants, Inc. that she is duly authorized and qualified to make this Verification on behalf of Dickey's Barbecue Restaurants, Inc., that she has read the foregoing Plaintiff's Original Complaint and Application for Temporary Retraining Order, Temporary And Permanent Injunction and Recovery of Damages and that the factual allegations contained therein are true and correct based on her personal knowledge.

Further, Michelle Frazier states that the statement marked as Exhibit A to the Appendix to this Complaint is a true and correct copy of the account made in the regular course of business between the parties and is just, true and correct; that there is now due and owing under the account the sum of $16,203.93 as of February 9, 2010 representing the cost or reasonable value of such items, materials and services, and that all just and lawful offsets, payments and credits have been allowed.

DICKEY'S BARBECUE RESTAURANTS, INC.

By: _____

       Michelle Frazier, Vice President of Accounting and
       Administration

PLAINTIFF'S ORIGINAL COMPLAINT AND APPLICATION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY AND PERMANENT INJUNCTION AND RECOVERY OF DAMAGES

Dickey's v. Lin, LLC                                                           Page 30

SUBSCRIBED AND SWORN before me this ___11___ day of _February_, 2010.

_Lynn A. Little_

Notary Public in and for
the State of Texas

LYNN A. LITTLE
NOTARY PUBLIC
STATE OF TEXAS
My Comm. Exp. 9-04-2011

JS 44 (TXND Rev. 2/10)

# CIVIL COVER SHEET


ORIGINAL

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Dickey's Barbecue Restaurants, Inc.

## DEFENDANTS
Lira, LLC and Luigi Mangione

**(b)** County of Residence of First Listed Plaintiff    Dallas County, Texas
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    Ada County, Idaho
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Stephen A. Coke, Wesner Coke & Clymer, P.C. (972) 770-2600
Three Galleria Tower Suite 800,  13155 Noel Road
Dallas, Texas 75240

RECEIVED
BY _____
FEB 16 2010

Attorneys (If Known)   3-10 CV 0300 P

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☒ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN   (Place an "X" in One Box Only)

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify)    ☐ 6 Multidistrict Litigation    ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S. C. §1116,1117,1125

Brief description of cause:
Trademark infringement, false designation or origin, TRO, Preliminary and Permanent Injunctive Relief

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $
51,050.96

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes   ☐ No

## VIII. RELATED CASE(S) (See instructions)
PENDING OR CLOSED:

JUDGE _____   DOCKET NUMBER _____

DATE  2-16-10

SIGNATURE OF ATTORNEY OF RECORD  Stephen A. Coke

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____