## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| DICKEY'S BARBECUE RESTAURANTS, INC. § | | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. 3:10-CV-0300-P |
| | § | |
| | § | |
| vs. | § | |
| | § | |
| | § | |
| LIRA, LLC and LUIGI MANGIONE | § | |
| | | |
| Defendants. | | |

### PLAINTIFF'S MOTION TO EXTEND TEMPORARY RESTRAINING ORDER AND BRIEF

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Plaintiff Dickey's Barbecue Restaurants, Inc. ("Plaintiff") and files this its Plaintiff's Motion to Extend Temporary Restraining Order and Brief in the above referenced and numbered cause and in support thereof would respectfully show the following:

1.    On March 3, 2010 Judge Jorge A. Solis signed his Order granting Plaintiff's Application for Temporary Restraining Order in the above referenced and numbered cause. Defendants' were served with notice of the Order on or about March 4, 2010 and March 5, 2010 via facsimile and Federal Express respectively. The Order provides that the Temporary Restraining Order will continue in effect until 11:30 a.m. (Central Time) on March 17, 2010, or until it is otherwise altered by a written and signed Order of the Court.

2.    The deadline for Defendants to properly file a response to Plaintiff's Motion for a Preliminary Injunction was March 10, 2010 and Defendants have wholly made default of such

deadline.

    3.    In addition, on February 23, 2010, Defendants were served by and through the Texas Secretary of State with a Summons in a Civil Action, Plaintiff's Original Complaint and Application for Temporary Restraining Order, Preliminary and Permanent Injunction and Recovery of Damages and Brief in Support of Plaintiff's Application for Temporary Restraining Order and Preliminary Injunction. The foregoing Summons and other attached papers were forwarded by the Texas Secretary of State on March 3, 2010 by Federal Express to both Defendants. The Summons and Officer's Returns are on file with the Court.

    4.    On March 8, 2010, Plaintiff filed its Temporary Restraining Order Bond as required by the Court's Order and Fed. R. Civ. Proc. 65(c). The Temporary Restraining Order Bond was served upon Defendants by facsimile and Federal Express on March 9, 2010 and March 10, 2010 respectively.

    5.    The deadline for Defendants to answer or otherwise respond to the Summons in this case was March 16, 2010. Defendants have wholly failed to answer or otherwise respond and are in default.

    6.    Fed. R. Civ. Proc. 65(b)(2) provides that the Temporary Restraining Order may be extended for an additional 14 days upon good cause shown.

    7.    Plaintiff requests that the Temporary Restraining Order be extended for an additional 14 day period pursuant to Fed. R. Civ. Proc. 65(b)(2) in order for Plaintiff to file a motion for default judgment for failure of Defendants to (a) answer or otherwise respond to the Summons in this case and (b) respond to Plaintiff's Motion for Preliminary Injunction as required

by the Court's Order dated March 3, 2010.

      8.     Unless restrained by the Court, the Defendants will continue their illegal conduct and infringe Plaintiff's registered Trademarks and other Proprietary Marks of the Dickey's System and misappropriate the Trade Secrets of the Plaintiff. Defendants will greatly impair or destroy the value of the business of Plaintiff. As a result of Defendants' actions, Plaintiff has and will continue to suffer irreparable injury from which Plaintiff has no adequate remedy at law.

      9.     As set forth in the verified complaint, the Affidavit of Daniel Sibley, the Affidavit of Michelle Frazier and the supporting Brief, Defendants are improperly using the Plaintiff's Trademarks, Proprietary Marks and Trade Secrets in a manner that severely injures the Plaintiff.

      10.    There is a substantial likelihood that the Plaintiff shall prevail in a trial on the merits in this action. Defendants' continued use of the Trademarks, Proprietary Marks and Trade Secrets of the Dickey's System constitutes actionable trademark infringement, passing off and false designation of origin under the Lanham Act and misappropriation of Trade Secrets.

      11.    In the meantime, pending trial on the merits, Plaintiff is being irreparably injured by Defendants' acts. The Affidavit of Daniel Sibley shows that the Defendants' appropriation of the Plaintiff's property rights in the Trademarks, Proprietary Marks and Trade Secrets of the Dickey's System is not only severe, but is of a nature so that there is no adequate remedy at law.

      12.    If the Defendants were compelled to comply with the requested injunctive relief, the Defendants would suffer virtually no hardship since the law does not recognize any hardship that flows from requiring a party to abstain from the misappropriation of another's property. Any hardship suffered by the Defendants in complying with the requested injunctive relief is not

comparable or compensable because Defendants did not establish the Trademarks, Proprietary Marks and Trade Secrets of the Dickey's System, as Plaintiff did, by means of long, continuous, extensive use, expensive and protracted promotion and registration of the Trademarks in association with restaurants, food, food products and goods.

13.    This motion to extend is based upon the verified Complaint, the Affidavit of Daniel Sibley (Appendix), the Affidavit of Michelle Frazier (Appendix), the supporting brief, the exhibits to the Complaint and the Affidavits attached to the Appendix, the Summons and all of the papers and records on file in this action, and whatever evidence and argument may be presented at a hearing if it is required by the Court.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Dickey's Barbecue Restaurants, Inc. prays that:

1.    Plaintiff's Motion to Extend Temporary Restraining Order be granted, that the Order granting the Plaintiff's temporary restraining order be extended for an additional period of 14 days upon the same terms as the original Order dated March 3, 2010 and subsequently a preliminary and final injunction against Defendants, their officers, agents, servants, employees, attorneys, privies, successors, assigns and all claiming any rights through them and those persons in active concert or participation with them restraining them in accordance with the Court's Order dated March 3, 2010.

2.    Plaintiff Dickey's Barbecue Restaurants, Inc. have such other and further relief to which Plaintiff Dickey's Barbecue Restaurants, Inc. may show itself justly entitled.

Respectfully submitted,

WESNER COKE & CLYMER, P.C.

By:/ _(signature)_

Stephen A. Coke
Texas State Bar No. 04519000
Richard W. Winn
Texas State Bar No. 21779700
Three Galleria Tower - Suite 800
13155 Noel Road
Dallas, Texas  75240
Telephone: (972) 770-2600
Fax: (972) 770-2601
E-mail: scoke@wccpc.com
            rwinn@wccpc.com
ATTORNEYS FOR PLAINTIFF
DICKEY'S BARBECUE RESTAURANTS, INC.