



**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| DICKEY'S BARBECUE RESTAURANTS, INC. | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION No. 3:10-CV-0300-P |
| | § | |
| | § | |
| vs. | § | |
| | § | |
| | § | |
| LIRA, LLC and LUIGI MANGIONE | § | |

Defendants.

<u>PLAINTIFF'S (1) MOTION FOR DEFAULT JUDGMENT ON LIABILITY ISSUES,
(2) MOTION FOR ENTRY OF PERMANENT INJUNCTION
(3) MOTION FOR CIVIL CONTEMPT AND SANCTIONS AND
(4) MOTION TO CORRECT RECORD PURSUANT TO FRCP 60(a)</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Plaintiff Dickey's Barbecue Restaurants, Inc. ("Plaintiff") and files this its Plaintiff's (1) Motion for Default Judgment on Liability Issues (2) Motion for Entry of Permanent Injunction (3) Motion for Civil Contempt and Sanctions and (4) Motion to Correct Record Pursuant to FRCP 60(a) in the above styled and numbered cause and in support thereof would respectfully show the following:

I.

FACTS ESTABLISHING DEFAULT

1.  On or about February 16, 2010,  Plaintiff filed Plaintiff's Original Complaint and Application for Temporary Restraining Order, Preliminary and Permanent  Injunction and Recovery

PLAINTIFF'S (1) MOTION FOR DEFAULT JUDGMENT ON LIABILITY ISSUES, (2) MOTION FOR ENTRY OF PERMANENT INJUNCTION (3) MOTION FOR CIVIL CONTEMPT AND SANCTIONS AND (4) MOTION TO CORRECT RECORD PURSUANT TO FRCP 60(a)

Dickey's v. Lira, LLC                                                                                     Page 1

of Damages (the "Complaint") in the above styled and numbered cause asserting certain claims and causes of action against the Defendants Lira, LLC and Luigi Mangione ("Defendants"). An original copy of Plaintiff's Compliant is filed with the Court and can be found in the Court's case file jacket maintained in this case. Plaintiff requests that the Court take judicial notice of the facts set forth therein for all purposes.

<u>Entry of Default-Service of Summons Upon Defendant Lira, LLC</u>

2.    As more fully set forth in the Officer's Return filed in this cause on March 3, 2010, Defendant Lira, LLC was served with Summons by and through the Secretary of State of Texas as agent for service of process for such Defendant by Deputy  Lydia M. Barron of the office of Constable Bruce Elfant of Precinct 5, Travis County, Texas on February 23, 2010. The Secretary of the State of Texas issued its Gold Sealed Certificate of the Secretary of State of Texas on March 9, 2010 which was filed in this cause on March 15, 2010.   The Gold Sealed Certificate of Secretary of State of Texas establishes that the Summons  with  Plaintiff's Complaint and other papers attached was received by the Secretary of State on February 23, 2010 and that a copy of the Summons with Plaintiff's Complaint and other papers attached was forwarded by certified mail, return receipt requested on March 3, 2010 to Defendant Lira, LLC to its registered agent, Luigi Mangione at its registered office and home office and that said process was returned to the Secretary of State of Texas on March 5, 2010  "bearing the Signature of Addressee's Agent".   Original copies of the Officer's Return and the Gold Sealed Certificate of the Secretary of State of Texas are filed in the Court's case file jacket maintained in this case and Plaintiff requests that the Court take judicial notice of the facts set forth therein for all purposes.

PLAINTIFF'S (1) MOTION FOR DEFAULT JUDGMENT ON LIABILITY ISSUES, (2) MOTION FOR ENTRY OF PERMANENT INJUNCTION (3) MOTION FOR CIVIL CONTEMPT AND SANCTIONS AND (4) MOTION TO CORRECT RECORD PURSUANT TO FRCP 60(a)

Dickey's v. Lira, LLC                                                                                  Page 2

Entry of Default-Service of Summons Upon Defendant Luigi Managione

3. As more fully set forth in the Officer's Return filed in this cause on March 3, 2010, Defendant Luigi Mangione was served with Summons by and through the Secretary of State of State of Texas as agent for service of process for such Defendant by Deputy Lydia M. Barron of the office of Constable Bruce Elfant of Precinct 5, Travis County, Texas on February 23, 2010. The Secretary of the State of Texas issued its Gold Sealed Certificate of the Secretary of State of State of Texas on March 9, 2010 which was filed in this cause on March 15, 2010.    The Gold Sealed Certificate of Secretary of State of Texas establishes that the Summons with Plaintiff's Complaint and other papers attached was received by the Secretary of State on February 23, 2010 and that a copy of the Summons with Plaintiff's Complaint and other papers attached was forwarded by certified mail, return receipt requested on March 3, 2010 to Defendant Luigi Mangione at his principal place of business and home office and that said process was returned to the Secretary of State of Texas on March 5, 2010 "bearing the Signature of Addressee".  Original copies of the Officer's Return and the Gold Sealed Certificate of the Secretary of State of Texas are filed in the Court's case file jacket maintained in this case and Plaintiff requests that the Court take judicial notice of the facts set forth therein for all purposes.

4. The deadline for the Defendants to answer or otherwise respond to Plaintiff's Complaint has expired and Defendants have not filed and/or served an answer to Plaintiff's Complaint, or otherwise responded or appeared in this cause. Defendants have not sought an extension to answer or otherwise respond or appear herein.

5. On March 25, 2010, Plaintiff filed its Plaintiff's Request for Clerk to Enter Default

PLAINTIFF'S (1) MOTION FOR DEFAULT JUDGMENT ON LIABILITY ISSUES, (2) MOTION FOR ENTRY OF PERMANENT INJUNCTION (3) MOTION FOR CIVIL CONTEMPT AND SANCTIONS AND (4) MOTION TO CORRECT RECORD PURSUANT TO FRCP 60(a)

Dickey's v. Lira, LLC                                                                                    Page 3

Pursuant to F.R.C.P. 55(a) against both Defendants Lira, LLC and Luigi Mangione on the grounds

that Defendants Lira, LLC and Luigi Mangione have failed to file an answer or otherwise respond

or appear herein.  On March 26, 2010, the Clerk of the Court executed Clerk's Entry of Default

against Defendants Lira, LLC and Luigi Mangione.

<u>Actual Notice of Temporary Restraining Order and Injunction Proceedings-both Defendants</u>

      6.  As more fully set forth in the Certificate of Attorney Under FRCP 65(b)(1)(B) and Local

Rule 7.1 filed on February 16, 2010, prior to filing this complaint, Mr. Stephen A. Coke of Wesner

Coke and Clymer, P.C. attorneys for Plaintiff, telephoned  Defendant Luigi Mangione, who is also

President of the other Defendant Lira, LLC, on his cell phone on February 11, 2010 to notify

Defendants of Plaintiff's intention to file (a) Plaintiff's Original Complaint and Application for

Temporary Restraining Order, Preliminary and Permanent Injunction and Recovery of Damages in

the above styled and numbered cause and for a certificate of conference pursuant to Local Rule 7.1

to determine whether Defendants were opposed or unopposed to the requested relief.  Mr.

Mangione stated that until he had additional time to consult with an attorney, Defendants were

opposed to the application.  Previously, also on February 11, 2010 and on numerous dates prior

thereto, Mr. Coke attempted unsuccessfully to contact Mr. Blair Clark, who, upon information and

belief, may be Defendants' attorney.  Mr. Coke further notified such Defendants that they should

contact Plaintiff's attorneys concerning any person or attorney to be notified in case of a hearing or

submission of the application for temporary restraining order or preliminary injunction. (<u>Coke</u>

<u>Affidavit</u>).

      7.  After filing of the Complaint on February 16, 2010, Mr. Coke later the same day served a

<u>PLAINTIFF'S (1) MOTION FOR DEFAULT JUDGMENT ON LIABILITY ISSUES, (2) MOTION FOR ENTRY OF PERMANENT INJUNCTION (3) MOTION FOR CIVIL CONTEMPT AND SANCTIONS AND (4) MOTION TO CORRECT RECORD PURSUANT TO FRCP 60(a)</u>

Dickey's v. Lira, LLC                                              Page 4

copy of the Complaint, a proposed copy of the Temporary Restraining Order and Order to Show Cause and all related Affidavits and other filings upon Defendants by Federal Express at the home office and registered address of Defendants at 2441 N. Snow Goose Way Meridian, Idaho 83646 and upon Defendants' apparent counsel, Mr. D. Blair Clark , 1513 Tyrell Lane, Suite 130, Boise, ID 83706 by Federal Express. (Coke Affidavit).

8.   On February 22, 2010, Mr. Coke telephoned Defendant Luigi Mangione in order to provide this Court with an update on the status of attempts to notify Defendants of the pending application for temporary restraining order.   Defendant Luigi Mangione confirmed receipt by Federal Express of Mr. Coke's correspondence with enclosures dated February 16, 2010 which had been addressed to both Defendants.   Mr. Mangione further stated he had actual notice of the application for temporary restraining order, temporary injunction and permanent injunction. On February 22, 2010, Mr. Coke also telephoned Defendants' apparent counsel, Mr. D. Blair Clark. Mr. Clark was unavailable so Mr. Coke spoke with Mr. Clark's legal assistant and left a message explaining the purpose of the telephone call and requesting an immediate response as to whether Mr. Clark represented Defendants as their counsel.   Mr. Clark has never responded to any of Mr. Coke's telephone calls or correspondence.   Upon information and belief, attempts by the law clerk of this Court to contact Mr. Clark at the same telephone number have also been unsuccessful and Mr. Clark has failed to respond to messages left by such law clerk requesting a response.   (Coke Affidavit)

9.      On March 1, 2010, Mr. Coke forwarded to the Clerk of this Court the Officer's Return for service of the Summos for both Defendant Luigi Mangione and Lira, LLC with a copy to

PLAINTIFF'S (1) MOTION FOR DEFAULT JUDGMENT ON LIABILITY ISSUES, (2) MOTION FOR ENTRY OF PERMANENT INJUNCTION (3) MOTION FOR CIVIL CONTEMPT AND SANCTIONS AND (4) MOTION TO CORRECT RECORD PURSUANT TO FRCP 60(a)

Dickey's v. Lira, LLC                                                                                              Page 5

both Defendants via facsimile. (Coke Affidavit).

10.    On March 4, 2010, Mr. Coke forwarded to Defendants via federal express and facsimile a copy of the March 3, 2010 Order of the Court granting a temporary restraining order, setting response and reply deadlines and requiring the posting of a bond. (Coke Affidavit).

11.    On March 9, 2010, Mr. Coke forwarded to Defendants via federal express and facsimile a copy of the Temporary Restraining Order Bond filed in the above styled and numbered cause. (Coke Affidavit).

II.

## SUPPLEMENTAL FACTS SUPPORTING INJUNCTIVE RELIEF BASED UPON SECOND ON-SITE INSPECTION

12.    Plaintiff incorporates herein by reference the verified facts contained in Plaintiff's Original Complaint filed February 16, 2010, as well as the facts contained in the Affidavit of Daniel Sibley filed February 16, 2010, the Affidavit of Michel Frazier filed on February 16, 2010, the Affidavit of Lauren Parker, the First Supplement to Affidavit of Daniel Sibley, the First Supplement to Affidavit of Michelle Frazier and the Affidavit of Stephen A. Coke.

13.    Subsequent to this Court's entry of its temporary restraining order on March 3, 2010, Defendants have continued to violate the Court's temporary restraining order, the terms of franchise notice of termination and the franchisee's post termination obligations under the Franchise Agreement.  As more fully set forth in the Affidavit of Lauren Parker, on March 19, 2010, Plaintiff conducted a second post-termination inspection of the terminated franchise location at 2845 E. Overland Rd., Suite 190, Meridian, Idaho, 83642.  In summary, the second on-site inspection revealed that the restaurant was still violating the temporary restraining order

PLAINTIFF'S (1) MOTION FOR DEFAULT JUDGMENT ON LIABILITY ISSUES, (2) MOTION FOR ENTRY OF PERMANENT INJUNCTION (3) MOTION FOR CIVIL CONTEMPT AND SANCTIONS AND (4) MOTION TO CORRECT RECORD PURSUANT TO FRCP 60(a)

Dickey's v. Lira, LLC

Page 6

in the following respects by utilizing:

- o  the Dickey's System proprietary electric exterior sign which had been modified by removing the words "Dickey's";
- o  the Dickey's System proprietary interior menu boards hanging from the ceiling except the name "Dickey's" had been covered with tape;
- o  the Dickey's System barbecue meat items (7) and side items (15) appearing on the Dickey's System proprietary interior menu boards;
- o  debit card printing machines that described debit card transactions as "MP*Dickey's IC-108 MERI03/19M;
- o  the Dickey's System décor including historic black and white photographs, antique guns, utensils, wall art, longhorns, specialized tables and chairs, etc.;
- o  Dickey's System secret recipes/trade secrets of staple food items;
- o  Dickey's System large electric drive thru exterior menu signboards with the Big Yellow Cup and trademarked logo shown 15 times as well as Dickey's System slogan "Slow Cooked, Served Fast".

(Parker Affidavit)

III.

## MOTION FOR ENTRY OF PERMANENT INJUNCTION

14.     Paragraphs 1 through 14 are incorporated herein by reference as if fully set forth herein.

15.     Unless restrained by the Court, the Defendants will continue their illegal conduct and (a) infringe Plaintiff's registered Trademarks and other Proprietary Marks of the Dickey's System and misappropriate the Trade Secrets of the Plaintiff and (b) breach the covenant not to compete set forth in Article 18 of the Franchise Agreement.   Defendants will greatly impair or destroy the value of the business of Plaintiff.   As a result of Defendants' actions, Plaintiff has and

PLAINTIFF'S (1) MOTION FOR DEFAULT JUDGMENT ON LIABILITY ISSUES, (2) MOTION FOR ENTRY OF PERMANENT INJUNCTION (3) MOTION FOR CIVIL CONTEMPT AND SANCTIONS AND (4) MOTION TO CORRECT RECORD PURSUANT TO FRCP 60(a)

will continue to suffer irreparable injury from which Plaintiff has no adequate remedy at law.

16.    As set forth in the verified complaint, the Affidavit of Daniel Sibley , the Affidavit of Michelle Frazier, the Affidavit of Lauren Parker, and the Affidavit of Stephen A. Coke and the supporting Brief, Defendants are (a) improperly using the Plaintiff's Trademarks, Proprietary Marks and Trade Secrets (b) violating the covenant not to compete contained in Article 18 of the Franchise Agreement, both in a manner that severely injures the Plaintiff.

17.    There is a substantial likelihood that the Plaintiff shall prevail in a trial on the merits in this action.  Defendants' continued use of the Trademarks, Proprietary Marks and Trade Secrets of the Dickey's System constitutes actionable trademark infringement, passing off and false designation of origin under the Lanham Act and misappropriation of Trade Secrets. Plaintiffs' continued operation of a restaurant at the terminated franchise location constitutes a breach of the covenant not to compete.

18.    In the meantime, pending trial on the merits, Plaintiff is being irreparably injured by Defendants' acts.  The Affidavit of Daniel Sibley, the First Supplement to Affidavit of Daniel Sibley and the Affidavit of Lauren Parker show that the Defendants' appropriation of the Plaintiff's property rights in the Trademarks, Proprietary Marks and Trade Secrets of the Dickey's System is not only severe, but is of a nature so that there is no adequate remedy at law.

19.    If the Defendants were compelled to comply with the requested injunctive relief, the Defendants would suffer virtually no hardship since the law does not recognize any hardship that flows from requiring a party to abstain from the misappropriation of another's property.  Any hardship suffered by the Defendants in complying with the requested injunctive relief is not

PLAINTIFF'S (1) MOTION FOR DEFAULT JUDGMENT ON LIABILITY ISSUES, (2) MOTION FOR ENTRY OF PERMANENT INJUNCTION (3) MOTION FOR CIVIL CONTEMPT AND SANCTIONS AND (4) MOTION TO CORRECT RECORD PURSUANT TO FRCP 60(a)

comparable or compensible because Defendants did not establish the Trademarks, Proprietary Marks and Trade Secrets of the Dickey's System, as Plaintiff did, by means of long, continuous, extensive use, expensive and protracted promotion and registration of the Trademarks in association with restaurants, food, food products and goods. Further, pursuant to Article 18 of the Franchise Agreement, Defendants contractually agreed to a covenant not to compete herein for a period of two (2) years within a five (5) mile radius from the franchise location in the operation of any food business which offers barbecue style food as a primary menu item.

20. On March 9, 2010 Plaintiff posted a bond in the amount of $5,000.00 under F.R.C.P. 65 (c) in accordance with the Court's Order dated March 3, 2010

21. This application is based upon this verified Complaint, the Affidavit of Daniel Sibley filed February 16, 2010, the Affidavit of Michelle Frazier filed February 16, 2010 and the Affidavit of Lauren Parker, the Affidavit of Stephen A. Coke, The First Supplement to Affidavit of Daniel Sibley and the First Supplement to Affidavit of Michelle Frazier all filed contemporaneously herewith, the supporting brief, all of the papers and records on file in this action, and whatever evidence and argument may be presented at the hearing of this application.

IV.

MOTION FOR CONTEMPT AND SANCTIONS

22. Although Defendants have received actual notice of this Court's Order dated March 3, 2010 granting Plaintiff a temporary restraining order, Defendants have failed and refused to comply with the order and have failed and refused to file an answer or otherwise respond or appear

PLAINTIFF'S (1) MOTION FOR DEFAULT JUDGMENT ON LIABILITY ISSUES, (2) MOTION FOR ENTRY OF PERMANENT INJUNCTION (3) MOTION FOR CIVIL CONTEMPT AND SANCTIONS AND (4) MOTION TO CORRECT RECORD PURSUANT TO FRCP 60(a)

Dickey's v. Lira, LLC                                                                                      Page 9

herein prior to the March 10, 2010 deadline set by the Court to file a response to Plaintiff's Motion for a Preliminary Injunction.  By refusing to comply with the Order , Defendants have flagrantly and willfully obstructed the administration of justice and are in contempt of this Court.  The refusal of Defendants to comply with the orders of this Court is without justifiable cause.  Plaintiff respectfully requests that Defendants be cited to appear and show cause why they should not be held in civil contempt of Court pursuant to Rule 65(d). This Court is authorized to enter an order (a) treating as a civil contempt of Court the failure of Defendants to obey the Order (b) awarding Defendants appropriate further sanctions for Defendants' continued contempt of Court including sanctions for recovery of reasonable attorneys' fees and costs for the preparation and presentation of this motion, as well as in obtaining an order of contempt necessitated by Defendants' failure and refusal to comply with the Order as ordered by the Court without substantial justification.

V.

## MOTION TO CORRECT RECORD PURSUANT TO FRCP 60(a)

23.  Plaintiff in its complaint and prior affidavits inadvertently misidentified the address of the franchise location as 2441 N. Snow Goose Way, Meridian, Idaho 83645 when in fact that is the registered address of Defendant Luigi Mangione as registered agent of Lira, LLC.  The correct address for the terminated franchise location is  2845 E. Overland Rd., Suite 190, Meridian, Idaho, 83642.  Defendants have not been prejudiced or surprised by this inadvertent misidentification since (a) Defendants were properly served at the registered address (b) Defendants have admitted to Plaintiff's counsel that they have actual notice of these proceedings (c) Defendants have failed to answer, respond or otherwise appear herein to raise an issue

PLAINTIFF'S (1) MOTION FOR DEFAULT JUDGMENT ON LIABILITY ISSUES, (2) MOTION FOR ENTRY OF PERMANENT INJUNCTION (3) MOTION FOR CIVIL CONTEMPT AND SANCTIONS AND (4) MOTION TO CORRECT RECORD PURSUANT TO FRCP 60(a)

Dickey's v. Lira, LLC                                                                                    Page 10

concerning the inadvertent misidentification (d) Defendants are fully aware of the correct

terminated franchise location address since they are the officers, operators and employees of such

terminated franchise location.

VI.

PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff Dickey's Barbecue Restaurants, Inc.

prays that Plaintiff's (1) Motion for Default Judgment on Liability Issues (2) Motion for Entry of

Permanent Injunction (3) Motion for Contempt and Sanctions and (4) Motion to Correct Record

Pursuant to FRCP 60(a) be granted, that Plaintiff Dickey's Barbecue Restaurants, Inc. be awarded

a default judgment on liability issues only on its claims for trademark infringement-Lanham Act,

breach of covenant not to compete, misappropriation of trade secrets, suit on sworn account with

respect to Defendant Lira, LLC, breach of contract with respect to Defendant Lira, LLC and breach

of guaranty with respect to Defendant Luigi Mangione.

Plaintiff further requests that the Court enter a permanent injunction against Defendants,

their officers, agents, servants, employees, attorneys, privies, successors, assigns and all claiming

any rights through them and those persons in active concert or participation with them restraining

them from:

1.    Operating the restaurant located at 2845 E. Overland Rd., Suite 190, Meridian,

Idaho, 83642;

2.    Representing to the public that the restaurant located at 2845 E. Overland Rd.,

Suite 190, Meridian, Idaho, 83642 is presently or formerly a franchise of Dickey's.

PLAINTIFF'S (1) MOTION FOR DEFAULT JUDGMENT ON LIABILITY ISSUES, (2) MOTION FOR ENTRY OF
PERMANENT INJUNCTION (3) MOTION FOR CIVIL CONTEMPT AND SANCTIONS AND (4) MOTION TO CORRECT
RECORD PURSUANT TO FRCP 60(a)

Dickey's v. Lira, LLC                                                                    Page 11

3.      Using, in any manner, any confidential methods, procedures, techniques, and trade secrets, associated with the System, the trademarks, the proprietary marks, and all other distinctive forms, slogans, signs, symbols, devices associated with the System, as set forth in the manuals including all signs, advertising materials, displays, stationary, forms, and other articles which display the trademarks, the Proprietary Marks and trade secrets as those terms are defined in the Franchise Agreement.

4.      Using, disclosing, advertising, promotion or display of the trademarks, Proprietary Marks and trade secrets of Dickey's Barbecue Restaurants, Inc., or its System as such terms are defined in the Franchise Agreement.

5.      Offering for sale, sale or distribution of food, food products and catering services in any manner by falsely designating the origin of the Defendants' products in a manner that is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Defendants with, or to Plaintiff Dickey's Barbecue Restaurants, Inc. or its System.

6.      Passing off or otherwise representing to the public in any way that the products sold by Defendants emanate from or are related in source or sponsorship or any other way to Plaintiff Dickey's Barbecue Restaurants, Inc.

7.      Infringing on Plaintiff Dickey's Barbecue Restaurants, Inc. common-law rights by using, advertising, promotion, display, distribution, offering for sale, and sale of any product copying Plaintiff's System, trademarks, Proprietary Marks and trade secrets.

8.      Injuring Plaintiff Dickey's Barbecue Restaurants, Inc.'s business reputation or diluting the distinctive quality of Dickey's Barbecue Restaurants, Inc.'s System, trademarks,

PLAINTIFF'S (1) MOTION FOR DEFAULT JUDGMENT ON LIABILITY ISSUES, (2) MOTION FOR ENTRY OF PERMANENT INJUNCTION (3) MOTION FOR CIVIL CONTEMPT AND SANCTIONS AND (4) MOTION TO CORRECT RECORD PURSUANT TO FRCP 60(a)

Dickey's v. Lira, LLC                                                                                      Page 12

Proprietary Marks and trade secrets.

9.      Engaging in deceptive trade practices or acts in the conduct of their business by using, advertising, promotion, display, distribution, offering for sale, and sale of food, food products, and catering services at their restaurant or otherwise, copying the Dickey's Barbecue Restaurants, Inc.'s System, trademarks, Proprietary Marks and trade secrets.

10.     Violating the confidentiality and non-compete agreements set forth in the Franchise Agreement including, without limitation, by owing, maintaining, operating, engaging in or having any financial beneficial interest in, advising, assisting or making loans to, any business, which is the same or similar to a Dickey's restaurant, including, but not limited to, any food business which offers barbecue-styled food as a primary menu item which business is or is intended to be, located within a five (5) mile radius of 2845 E. Overland Rd., Suite 190, Meridian, Idaho, 83642 for a period of two (2) years following the termination of the Franchise Agreement on January 19, 2010.

Plaintiff Dickey's Barbecue Restaurants, Inc. further requests:

1.      The Court retain for future consideration and determination of Plaintiff's claims for the amount and extent of damages and Plaintiff's suit for an accounting;

2.      The Court order an accounting for damages and profits arising from Defendants' infringement, false designation of origin, unfair competition and breach of the Franchise Agreement, including all profits realized from the sale of the food, food products and goods at their restaurant or otherwise;

3.      An order that all manuals, signs, sign boards, electric signs, menus, prints,

PLAINTIFF'S (1) MOTION FOR DEFAULT JUDGMENT ON LIABILITY ISSUES, (2) MOTION FOR ENTRY OF PERMANENT INJUNCTION (3) MOTION FOR CIVIL CONTEMPT AND SANCTIONS AND (4) MOTION TO CORRECT RECORD PURSUANT TO FRCP 60(a)

Dickey's v. Lira, LLC                                                                              Page 13

displays, packages, plates, cups, décor items, photographs, wrappers, receptacles, or advertisements or other items constituting a part of the Dickey's System in the possession of Defendants bearing the infringing Trademarks, Proprietary Marks, Trade Secrets or constituting part of the System must be delivered up to the Court for impounding during the pendency of this action and upon final hearing an order that such material be destroyed;

4.     An order of civil contempt against Defendants Lira, LLC and Luigi Mangione for their disobedience of this Court's Order dated March 3, 2010, and extended March 17, 2010, granting a temporary restraining order and ordering Defendants to respond herein;

5.     Awarding Plaintiff its reasonable attorneys' fees and costs necessitated by Defendants' failure to comply and issuing such further sanctions as the court may find necessary to coerce Defendants to comply with the Court's orders;

6.     An Order releasing the $5,000 Bond posted by Plaintiff Dickey's Barbecue Restaurants, Inc. and tendered to the Clerk of this Court on March 9, 2010 in favor of Plaintiff Dickey's Barbecue Restaurants, Inc.

7.     An Order correcting the record in this case to reflect that the location of the terminated franchise is 2845 E. Overland Rd., Suite 190, Meridian, Idaho, 83642.

8.     Such other and further relief to which Plaintiff Dickey's Barbecue Restaurants, Inc. may show itself justly entitled.

PLAINTIFF'S (1) MOTION FOR DEFAULT JUDGMENT ON LIABILITY ISSUES, (2) MOTION FOR ENTRY OF PERMANENT INJUNCTION (3) MOTION FOR CIVIL CONTEMPT AND SANCTIONS AND (4) MOTION TO CORRECT RECORD PURSUANT TO FRCP 60(a)

Dickey's v. Lira, LLC                                                                 Page 14

Respectfully submitted,

WESNER COKE & CLYMER, P.C.

By: _____
Stephen A. Coke
Texas State Bar No. 04519000
Richard W. Winn
Texas State Bar No. 21779700
Three Galleria Tower - Suite 800
13155 Noel Road
Dallas, Texas  75240
Telephone: (972) 770-2600
Fax: (972) 770-2601
E-mail: scoke@wccpc.com
            rwinn@wccpc.com
ATTORNEYS FOR PLAINTIFF
DICKEY'S BARBECUE RESTAURANTS, INC.

PLAINTIFF'S (1) MOTION FOR DEFAULT JUDGMENT ON LIABILITY ISSUES, (2) MOTION FOR ENTRY OF
PERMANENT INJUNCTION (3) MOTION FOR CIVIL CONTEMPT AND SANCTIONS AND (4) MOTION TO CORRECT
RECORD PURSUANT TO FRCP 60(a)

Dickey's v. Lira, LLC                                                                                        Page 15