# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| DICKEY'S BARBECUE RESTAURANTS, INC. § | | |
| Plaintiff, § | | |
| § | | CIVIL ACTION No. 3:10-CV-0300-P |
| § | | |
| § | | |
| vs. § | | |
| § | | |
| § | | |
| § | | |
| LIRA, LLC and LUIGI MANGIONE § | | |
| | | |
| Defendants. | | |

## APPENDIX

### PLAINTIFF'S (1) MOTION FOR DEFAULT JUDGMENT ON LIABILITY ISSUES, (2) MOTION FOR ENTRY OF PERMANENT INJUNCTION AND (3) MOTION FOR CIVIL CONTEMPT AND SANCTIONS

1. Affidavit of Lauren Parker

   Exhibit A- photograph of the electric exterior sign, as modified;

   Exhibit B- Chase Online Debit Card statement;

   Exhibit C- additional photographs depicting Dickey's System décor;

   Exhibit D- photographs depicting Dickey's System food products;

   Exhibit E- photographs of the large electric drive thru exterior menu signboard.

APPENDIX TO PLAINTIFF'S (1) MOTION FOR DEFAULT JUDGMENT ON LIABILITY ISSUES, (2) MOTION FOR ENTRY OF PERMANENT INJUNCTION AND (3) MOTION FOR CIVIL CONTEMPT AND SANCTIONS

Dickey's v. Lira, LLC                                                                    Page 1

2. Affidavit of Stephen A. Coke

> Exhibit A- correspondence dated February 16, 2010, from Mr. Stephen A. Coke, attorney for Plaintiff, to Defendants (with copy to Mr. Blair Clark) enclosing Complaint, proposed Temporary Restraining Order, Order to Show Cause and other filings all via Federal Express (without attachments);

> Exhibit B- correspondence dated March 1, 2010 , from Mr. Stephen A. Coke, attorney for Plaintiff, to Clerk of the United States District Court (with copy to both Defendants via facsimile) enclosing Officer's Returns for service of Summons for both Defendants;

> Exhibit C- correspondence dated March 4, 2010 from Mr. Stephen A. Coke, attorney for Plaintiff, to Defendants via Federal Express and facsimile, enclosing copy of March 3, 2010 Order granting a temporary restraining order, setting response and reply deadlines and requiring posting of a bond;

> Exhibit D- correspondence dated March 9, 2010 from Mr. Stephen A. Coke, attorney for Plaintiff, to Defendants via Federal Express and facsimile enclosing a copy of the Temporary Restraining Order Bond filed in the cause.

3. First Supplement to Affidavit of Daniel Sibley

4. First Supplement to Affidavit of Michelle Frazier

APPENDIX TO PLAINTIFF'S (1) MOTION FOR DEFAULT JUDGMENT ON LIABILITY ISSUES, (2) MOTION FOR ENTRY OF PERMANENT INJUNCTION AND (3) MOTION FOR CIVIL CONTEMPT AND SANCTIONS

Dickey's v. Lira, LLC                                                                                   Page 2

Respectfully submitted,

WESNER COKE & CLYMER, P.C.

By: _Stephen A. Coke_

Stephen A. Coke
Texas State Bar No. 04519000
Richard W. Winn
Texas State Bar No. 21779700
Three Galleria Tower - Suite 800
13155 Noel Road
Dallas, Texas  75240
Telephone: (972) 770-2600
Fax: (972) 770-2601
E-mail: scoke@wccpc.com
         rwinn@wccpc.com
ATTORNEYS FOR PLAINTIFF
DICKEY'S BARBECUE RESTAURANTS, INC.

APPENDIX TO  PLAINTIFF'S (1) MOTION FOR DEFAULT JUDGMENT ON LIABILITY ISSUES, (2) MOTION FOR ENTRY OF PERMANENT INJUNCTION AND (3) MOTION FOR CIVIL CONTEMPT AND SANCTIONS

Dickey's v. Lira, LLC                                                                        Page 3

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

DICKEY'S BARBECUE RESTAURANTS, INC. §
       Plaintiff, §
          §
          §     CIVIL ACTION No. 3:10-CV-0300-P
          §
          §
vs.           §
          §
          §
LIRA, LLC and LUIGI MANGIONE   §

        Defendants.

### AFFIDAVIT OF LAUREN PARKER

STATE OF TEXAS      §
                §
COUNTY OF DALLAS   §

The undersigned Lauren Parker, states as follows:

1.      My name is Lauren Parker.  I am over the age of twenty-one (21) years, of sound mind and have never been convicted of a felony.  I am an adult resident of the State of Texas and am fully competent and capable to testify herein.  I have personal knowledge of all of the facts as set forth herein and I am able to swear, and I do hereby swear that all of the facts and statements herein are true and correct.

2.      From January 15, 2010 to the current date, I have been the Project Coordinator for Dickey's Barbecue Restaurants, Inc.  As Project Coordinator, I am familiar with the Dickey's System, Trademarks, Proprietary Marks and Trade Secrets involved in the operation of a "Dickey's Barbecue Pit" as those terms are defined and referred to in the standard Franchise Agreement utilized for all franchisees of Dickey's Barbecue Restaurants, Inc., a Texas corporation.

3.    I submit this affidavit in support of Plaintiff's request for a permanent injunction in the above styled and numbered cause.

4.    I was notified by Mr. Roland Dickey, Jr., President of Dickey's Barbecue Restaurants, Inc. that the Franchise Agreement concerning the Meridian, Idaho franchise, located at 2845 E. Overland Rd., Suite 190, Meridian, Idaho, 83642 had been terminated and that the United States District Court for the Northern District of Texas, Dallas Division, had issued a temporary restraining order in the above styled and numbered cause restraining Defendants from, among other things, utilizing the trademarks, proprietary marks, and trade secrets of the Dickey's System. Mr. Dickey instructed me to conduct an on-site inspection of the terminated franchise location to determine whether such franchisee had complied with  (a) the notice of termination, (b) the franchisee's post-termination obligations under the Franchise Agreement and (c) the temporary restraining order.  Prior to my on-site inspection, I reviewed a copy of the Affidavit of Daniel Sibley with attached exhibits filed February 16, 2010 to familiarize myself with the conditions existing at the terminated franchise location at the last on-site inspection on January 28, 2010.

5.    On Thursday, March 19, 2010, I traveled to Boise, Idaho and subsequently visited the terminated franchise located at 2845 E. Overland Rd., Suite 190, Meridian, Idaho, 83642.  I arrived at the restaurant at approximately 2:30 p.m. on March 19, 2010.  As I arrived, I noted that the Dickey's System proprietary electric exterior sign over the main entrance had been modified. The part of the sign that stated "Dickey's" had been removed but the remaining part of the sign continues to use the words "Barbecue Pit" which is part of Dickey's Proprietary Marks and Dickey's System.  The name on the sign read "LL Barbecue Pit".  A true and correct copy of a photograph of the electric exterior sign, as modified, is attached hereto as Exhibit A and

incorporated herein by reference.

6.      After I entered the front door and approached the counter, I saw that the restaurant was still utilizing the two Dickey's System proprietary interior menu boards hanging from the ceiling except the name "Dickey's" has been covered with tape. The interior menu boards are specially manufactured for Dickey's System by Impact Menu Systems and appeared exactly as depicted in photographs taken at the last on-site inspection on January 28, 2010 shown in Exhibit B to the Sibley Affidavit filed on February 16, 2010. The Dickey's System barbecue items still appearing on the Dickey's System proprietary interior menu boards include:

- o   Barbecue brisket
- o   Southern pulled pork
- o   Sweet pork ribs
- o   Smoked ham
- o   Polish sausage
- o   Smoked turkey breast
- o   Smoked chicken breast

The Dickey's System side items still appearing on the Dickey's System proprietary interior menu boards include:

- o   Creamy cole slaw
- o   Original potato salad
- o   Caesar salad
- o   Cucumber & olive salad
- o   Baked potato casserole
- o   Au gratin potatoes
- o   Green beans with bacon
- o   Barbecue beans
- o   Jalapeno beans
- o   Corn
- o   Mac & cheese
- o   Waffle fries
- o   Fried onion tangles
- o   Fried okra
- o   Baked potato

7.    The clerk asked me for my order and I requested a 2 meat plate with southern pulled pork and barbecue brisket, and sides of barbecue beans, macaroni and cheese, and original potato salad.

8.    I then paid for the meal with my personal debit card.  On March 26, 2010, I printed  my debit transaction through Chase Online which showed a description of the transaction which  states  "MP* Dickey's 1D-108 MERI03/19M P*DICK".  A true and correct copy of the Chase Online  Debit Card statement is attached hereto as Exhibit B and incorporated herein by reference.

9.    As I waited for my food, I noticed that the interior décor of the restaurant had remained the same since the last post-termination inspection by Daniel Sibley on January 28, 2010 in that the restaurant was still using all of Dickey's System décor, most notably the historic black and white pictures of Mr. Roland Dickey (a founder of Dickey's Barbecue Restaurants, Inc.),  former President Ronald Reagan and other Dickey's employees standing around an outdoor barbecue pit.  In addition, other dining room décor items which are part of the Dickey's System include substantially all black and white photographs, antique guns, utensils, wall art, longhorns, specialized tables and chairs and other décor items appearing on the walls and resting on the floor of the restaurant premises.  The interior décor appeared exactly as depicted in photographs taken at the last on-site inspection on January 28, 2010 shown in Exhibits F and G to the Sibley Affidavit filed on February 16, 2010. True and correct copies of additional photographs taken by me depicting Dickey's System décor are attached hereto as Exhibit C and incorporated herein by reference.

10.    The attendant brought my food to me and I noted that the food seemed to be

produced using Dickey's secret recipes. Each of the menu items ordered were staple items used in the Dickey's System which are prepared using secret recipes which constitute Dickey's Trade Secrets. True and correct copies of photographs taken by me of the foregoing Dickey's System products are attached hereto as Exhibit D and incorporated herein by reference.

11. Once I finished my meal, I walked over to the counter and asked for a catering menu. Both employees informed me that the restaurant did cater, but they did not have menus or business cards yet because they had recently switched companies.

12. Once I left I walked to my car and took certain photographs of the exterior sign that read LL Barbecue Pit, the drive thru arrow that is used by Dickey's and photos of the drive thru menu boards. During the daylight, I was unable to get clear pictures due to the glare from the sun and therefore, I decided to return that night when the boards were lit.

13. I returned to the same location later that same day at approximately 8:00 pm. There were customers eating, and customers in line to order. I walked in and took photographs of all of the interior menu boards that I noted above.

14. I then walked outside to take pictures of the drive thru exterior menu boards. Once outside the restaurant, I took several photographs of the large electric drive thru exterior menu signboard noting that it was the standard Dickey's System proprietary drive through menu signboard displaying the Dickey's System Trademarks and Proprietary Marks. True and correct copies of photographs taken by me of the large electric drive thru exterior menu signboard are attached hereto as Exhibit E and incorporated herein by reference. I counted that the Dickey's Big Yellow Cup and trademark logo were shown 15 times on the electric drive thru exterior menu signboard. The signboard includes the Dickey's slogan "Slow Cooked. Served Fast". There is also a solitary sign and picture of Dickey's Big Yellow Cup with the Dickey's

trademark appearing thereon.

15.    Each of the photographs attached to this affidavit were taken by me on March 19, 2010 and accurately reflect and depict the condition of the restaurant on the date the photographs were taken.

Pursuant to 28 U.S.C. §1746(2), I Lauren Parker, declare under penalty of perjury that the facts set forth in the Affidavit are true and correct.

Executed on the ___5___ day of April, 2010.

Lauren Parker

AFFIDAVIT OF LAUREN PARKER                                                      Page 6



EXHIBIT A

Chase Online -
https://banking.chase.com/AccountActivity/PrintTransactions.aspx?A...

---

**Chase Online**                                           **Friday, March 26, 2010**

---

**Search Results CHASE CHECKING (...5530)**

Transaction type: All Transactions
Date range: 03/22/2010 - 03/22/2010
Amount range: $14.00 - $15.00

**Search Results 1 - 1**

| Date | Type | Description | Debit | Credit |
|------|------|-------------|-------|--------|
| 03/22/2010 | Debit Card Transaction | M P* DICKEYS ID-108 MERI 03/19M P* DICK | $14.81 | |

© 2010 JPMorgan Chase & Co.

**EXHIBIT B**



EXHIBIT C





EXHIBIT D













**3 Westerner Sandwich**
*Two Meats on One Bun*

Includes Fries
and 32 oz. Drink



**4 One Meat Plate**

Includes Two Sides
and 32 oz. Drink

**5 Two Meat Plate**

Includes Two Sides
and 32 oz. Drink

**Pick Your Meat Combos**

Beef Brisket Polish Sausage Hot Links
Pulled Pork Ham Chicken Turkey



**6 Three Meat Plate**

Includes Two Sides
and 32 oz. Drink

**7 Rib Plate**

Includes Two Sides
and 32 oz. Drink

**EXHIBIT E**

Pick Your




**4** One Meat Plate

**5** Two Meat Plate



**3** *Westerner Sandwich*
Two Meats on One Bun





## Choose Your Sides

*Cold Salads*

- Creamy Cole Slaw
- Original Potato Salad
- Caesar Salad
- Cucumber & Olive Salad



**32 oz. of an
Ice Cold Tasty
Beverage**



## Pick Your Meat Combos

Beef Brisket, Polish Sausage, Hot Links, Pulled Pork, Ham, Chicken, Turkey

**6** *Three Meat Plate*

Includes Two Sides and 32 oz. Drink

**7** *Rib Plate*

Includes Two Sides and 32 oz. Drink

**8** *Smoked Chicken Sandwich*

Includes One Side and 32 oz. Drink

**9** *Smoked Turkey Sandwich*

Includes One Side and 32 oz. Drink

## Light

## Tasty

**10** *Smoked Chicken Caeser Salad*

**11** *Giant Stuffed Baker with Meat*



Southern Pulled Pork



Really Hungry?

XL Family Pack



1 lb. Beef Brisket, 1 lb. Pork Sausage, 1 lb. Ribs
& 3 pints each of Cream, Cole Slaw,
Oven Roasted Potato Salad, Barbecue Beans
plus 6 Rolls & Barbecue Sauce

# Meat by the Pound

## Per Pound
### Ribs Per Pound

**BEEF**
Barbecue Brisket

**PORK**
Southern Pulled Pork
Spare Pork Ribs
Baked Ham

**SAUSAGE**
Polish Sausage
Spicy Hot Links

**POULTRY**
Smoked Turkey Breast
Smoked Chicken
Smoked Chicken Breast



## Fresh Sides

Individual
Pint





**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

DICKEY'S BARBECUE RESTAURANTS, INC. §
            Plaintiff,         §
                               §    CIVIL ACTION No.3:10-CV-0300-P
                               §
                               §
vs.                             §
                               §
                               §
LIRA, LLC and LUIGI MANGIONE     §

                    Defendants.

<u>AFFIDAVIT OF STEPHEN A. COKE</u>

STATE OF TEXAS        §
                      §
COUNTY OF DALLAS   §

      The undersigned Stephen A. Coke, states as follows:

      1.     My name is Stephen A. Coke. I am over the age of twenty-one (21) years, of sound

mind and have never been convicted of a felony. I am an adult resident of the State of Texas and

am fully competent and capable to testify herein. I am an attorney licensed to practice in the State

of Texas and am a shareholder, director, and officer of the law firm of Wesner Coke & Clymer, P.C.

in Dallas, Texas, attorneys of record for Defendant Dickey's Barbecue Restaurants, Inc. in the

above entitled and numbered cause. I have personal knowledge of all of the facts set forth herein,

and am able to swear, and I hereby do swear, that all of the facts and statements herein are true and

correct.

      2.    Prior to filing the Complaint in this cause, I telephoned Defendant Luigi Mangione

(who is also President of the other Defendant, Lira, LLC) on his cell phone on February 11, 2010 to

notify Defendants of (a) Plaintiff's intention to file Plaintiff's Original Complaint and Application

for Temporary Restraining Order, Preliminary and Permanent Injunction and Recovery of Damages in the above styled and numbered cause and (b) for a certificate of conference pursuant to Local Rule 7.1 to determine whether Defendants were opposed or unopposed to the requested relief. Mr. Mangione stated that until he had additional time to consult with an attorney, Defendants were opposed to the application. Previously, also on February 11, 2010 and on numerous dates prior thereto, I attempted unsuccessfully to contact Mr. Blair Clark, who, upon information and belief, may be Defendants' attorney. I further notified such Defendants that they should contact me concerning any person or attorney to be notified in case of a hearing or submission of the application for temporary restraining order or preliminary injunction.

3. After filing of the Complaint on February 16, 2010, I later the same day forwarded correspondence serving a copy of the Complaint, a proposed copy of the Temporary Restraining Order and Order to Show Cause and all related Affidavits and other filings upon Defendants by Federal Express at the home office and registered address of Defendants at 2441 N. Snow Goose Way Meridian, Idaho 83646 and upon Defendants' apparent counsel, Mr. D. Blair Clark , 1513 Tyrell Lane, Suite 130, Boise, ID 83706 by Federal Express. A true and correct copy of my correspondence dated February 16, 2010 (without voluminous enclosures) and the Federal Express tracking slip showing delivery is attached hereto as Exhibit A and incorporated herein by reference.

4. On February 22, 2010, I telephoned Defendant Luigi Mangione in order to seek information to provide this Court with an update on the status of attempts to notify Defendants of the pending application for temporary restraining order. Defendant Luigi Mangione confirmed receipt by Federal Express of my correspondence with enclosures dated February 16, 2010 which had been addressed to both Defendants. Mr. Mangione further stated he had actual notice of the

AFFIDAVIT OF STEPHEN A. COKE                                                    Page 2

application for temporary restraining order, temporary injunction and permanent injunction. On February 22, 2010, I also telephoned Defendants' apparent counsel, Mr. D. Blair Clark. Mr. Clark was unavailable so I spoke with Mr. Clark's legal assistant and left a message explaining the purpose of the telephone call and requesting an immediate response as to whether Mr. Clark represented Defendants as their counsel. Mr. Clark has never responded to any of my referenced telephone calls or correspondence. Upon information and belief, attempts by the law clerk of this Court to contact Mr. Clark at the same telephone number have also been unsuccessful and Mr. Clark has failed to respond to messages left by such law clerk requesting a response.

5.       On March 1, 2010, I forwarded correspondence to the Clerk of this Court enclosing the Officer's Return for service of the Summons for both Defendant Luigi Mangione and Lira, LLC with a copy to both Defendants via facsimile. A true and correct copy of my correspondence dated March 1, 2010 (with enclosures) and the facsimile confirmation slip showing transmission is attached hereto as Exhibit B and incorporated herein by reference.

6.       On March 4, 2010, I forwarded correspondence to Defendants (via Federal Express and facsimile) together with a copy of the March 3, 2010 Order of the Court granting a temporary restraining order, setting response and reply deadlines and requiring the posting of a bond. A true and correct copy of my correspondence dated March 4, 2010 (with enclosures) and tracking and facsimile transmission slips showing delivery is attached hereto as Exhibit C and incorporated herein by reference.

7.       On March 9, 2010, I forwarded correspondence to Defendants via Federal Express and facsimile enclosing a copy of the Temporary Restraining Order Bond filed in the above styled and numbered cause. A true and correct copy of my correspondence dated March 9, 2010 with tracking and facsimile transmission slips showing delivery is attached hereto as Exhibit D and

AFFIDAVIT OF STEPHEN A. COKE                                                                Page 3

incorporated herein by reference.

Pursuant to 28 U.S.C. §1746(2), I Stephen A. Coke, declare under penalty of perjury that the facts set forth in the Affidavit are true and correct.

Executed on the _____8_____ day of April, 2010.

_____
Stephen A. Coke

WESNER COKE & CLYMER, P.C.

ATTORNEYS AND COUNSELORS

THREE GALLERIA TOWER - SUITE 800

13155 NOEL ROAD

DALLAS, TEXAS 75240

(972) 770-2600

WRITER'S DIRECT NUMBER

(972) 702-7274

E-Mail: scoke@wccpc.com

FACSIMILE

(972) 770-2601

February 16, 2010

Lira, LLC
Attn: Luigi Mangione, Registered Agent
2441 N. Snow Goose Way
Meridian, ID 83646

<u>Via FED EX 865897112607</u>

Mr. Luigi Mangione, Individually
2441 N. Snow Goose Way
Meridian, ID 83646

Re:    Dickey's Barbecue Restaurants, Inc., vs.Lira, LLC and Luigi Mangione,
In the United States District Court of Texas for the Northern District of
Texas, Dallas Division/Civil Action No. 3-10CV-300-P

Dear Mr. Mangione:

Enclosed herewith are the following documents filed In the United States District Court of
Texas for the Northern District of Texas, Dallas Division today:

1.    Civil Cover Sheet;

2.    Plaintiff's Original Complaint and Application for Temporary Restraining Order,
Preliminary and Permanent Injunction and Recovery of Damages;

3.    Appendix to Plaintiff's Original Complaint and Application for Temporary
Restraining Order, Preliminary and Permanent Injunction and Recovery of
Damages;

4.    Brief in Support of Plaintiff's Application for Temporary Restraining Order and
Preliminary Injunction;

5.    Proposed Temporary Restraining Order and Order to Show Cause;

**EXHIBIT A**

Mr. Luigi Mangione
February 16, 2010
Page 2

6.      Plaintiff's Motion For Leave to File Affidavit of Michelle Frazier Under Seal
        Pursuant to Local Rule 79.3, and Brief;

7.      Appendix to Plaintiff's Motion For Leave to File Affidavit of Michelle Frazier
        Under Seal Pursuant to Local Rule 79.3, and Brief;

8.      Proposed Order;

9.      Certificate of Interested Persons;

10.     Certificate of Attorney Under FRCP 65 (b)(1)(B) and Local Rule 7.1.

The enclosures are tendered pursuant to our discussion and pursuant to the Federal Rules of
Civil Procedure.

Very truly yours,

Stephen A. Coke

SAC:snp
cc: Mr. D. Blair Clark, with encl./Via Fed Ex.865897112618
cc: Dickey's Barbecue Restaurants, Inc. with encl./Via Courier

Detailed Results

Printer-Friendly    Get Link    Help

Enter tracking number     Track

| Detailed Results | Notifications |

Tracking no.: 865897112607    Select time format: **12H** | 24H    E-mail notifications

# Delivered

Initiated    Picked up    In transit    Delivered

**Delivered**
Signed for by: Signature not required

### Shipment Dates

Ship date ⊘ Feb 16, 2010
Delivery date ⊘ Feb 17, 2010 12:31 PM

### Destination

Proof of Delivery ⊘

## Shipment Facts    Help

| Service type | Standard Box | Delivered to | Residence |
| --- | --- | --- | --- |
| Weight | 3.0 lbs/1.4 kg | | |

## Shipment Travel History    Help

Select time zone:  Local Scan Time

All shipment travel activity is displayed in local time for the location

| Date/Time | Activity | Location | Details |
| --- | --- | --- | --- |
| Feb 17, 2010 12:31 PM | **Delivered** | | Left at front door. Package delivered to recipient address - release authorized |
| Feb 17, 2010 8:20 AM | On FedEx vehicle for delivery | BOISE, ID | |
| Feb 17, 2010 8:18 AM | At local FedEx facility | BOISE, ID | |
| Feb 17, 2010 7:13 AM | At dest sort facility | BOISE, ID | |
| Feb 17, 2010 4:45 AM | Departed FedEx location | MEMPHIS, TN | |
| Feb 16, 2010 11:01 PM | Arrived at FedEx location | MEMPHIS, TN | |
| Feb 16, 2010 9:20 PM | Left FedEx origin facility | ADDISON, TX | |
| Feb 16, 2010 7:15 PM | Picked up | ADDISON, TX | |

Global Home | Small Business Center | Service Info | About FedEx | Investor Relations | Careers | fedex.com Terms of Use | Privacy Policy | Site Map
This site is protected by copyright and trademark laws under US and International law. All rights reserved. © 1995- 2010 FedEx

Detailed Results

Printer-Friendly   Get Link   Help

Enter tracking number

Track

| Detailed Results | Notifications |
|---|---|

---

Tracking no.: 865897112618     Select time format: **12H** | 24H     E-mail notifications

## Delivered

Initiated    Picked up    In transit    Delivered

**Delivered**
Signed for by: S.BRADY

Shipment Dates                              Destination

Ship date ⑦   Feb 16, 2010               Signature Proof of Delivery ⑦
Delivery date ⑦  Feb 17, 2010 12:36 PM

## Shipment Facts                                                     Help

| Service type | Standard Box - Direct Signature Required ⑦ | Delivered to | Receptionist/Front Desk |
|---|---|---|---|
| Weight | 2.0 lbs/.9 kg | | |

## Shipment Travel History                                            Help

Select time zone: Local Scan Time

All shipment travel activity is displayed in local time for the location

| Date/Time | Activity | Location | Details |
|---|---|---|---|
| Feb 17, 2010 12:36 PM | **Delivered** | | |
| Feb 17, 2010 8:03 AM | On FedEx vehicle for delivery | BOISE, ID | |
| Feb 17, 2010 7:54 AM | At local FedEx facility | BOISE, ID | |
| Feb 17, 2010 7:13 AM | At dest sort facility | BOISE, ID | |
| Feb 17, 2010 4:45 AM | Departed FedEx location | MEMPHIS, TN | |
| Feb 16, 2010 11:01 PM | Arrived at FedEx location | MEMPHIS, TN | |
| Feb 16, 2010 9:20 PM | Left FedEx origin facility | ADDISON, TX | |
| Feb 16, 2010 7:15 PM | Picked up | ADDISON, TX | |

---

Global Home | Small Business Center | Service Info | About FedEx | Investor Relations | Careers | fedex.com Terms of Use | Privacy Policy | Site Map
This site is protected by copyright and trademark laws under US and International law. All rights reserved. © 1995- 2010 FedEx

WESNER COKE & CLYMER, P.C.

ATTORNEYS AND COUNSELORS

THREE GALLERIA TOWER · SUITE 800

13155 NOEL ROAD

DALLAS, TEXAS 75240

(972) 770-2600

WRITER'S DIRECT NUMBER

(972) 702-7274

E-Mail: scoke@wccpc.com

FACSIMILE

(972) 770-2601

March 1, 2010

Clerk, United States District Court
1100 Commerce Street, Room 1452
Dallas, TX 75242

Re:   Dickey's Barbecue Restaurants, Inc., v. Lira, LLC and Luigi Mangione
      In the United States District Court, Northern District of Texas/
      Cause No.: 3-10CV0300-P

Dear Clerk:

Enclosed herewith are an original and one copy of the following documents in connection with the above referenced matter:

1.   Officer's Return for Defendant Luigi Mangione;

2.   Officer's Return for Defendant Lira, LLC.

Kindly file the enclosures and thereafter return a file stamped copy to me in the enclosed, self addressed, stamped envelope provided herein.

Kindest regards.

Very truly yours,

Stephen A. Coke

SAC:snp
Attach.
cc: Mr. Luigi Mangione w/attach. via facsimile
cc: Lira, LLC w/attach via facsimile
cc: Mr. Roland Dickey, Jr. w/attach via e-mail

**EXHIBIT B**

Cause No. 310CV0300P                           {}            In the Other Court
                                               {}            NORTH DIST County
Plaintiff:                                     {}
DICKEYS BARBECUE RESTAURANTS
INC

Defendant:
LIRA LLC AND LUIGI MANGIONE


### Officer's Return

Came to hand February 22, 2010 at 1:55 P.M. and executed in Travis County, Texas, on February 23, 2010 at 11:20 A.M. by delivering to MR. LUIGI MANGIONE by delivering to Hope Andrade, Secretary of State of the State of Texas, at 1019 Brazos Street, Austin, Texas, 78701, by delivering to GAYLE MARIE LINEMAN, designated agent for service for the Secretary of State, duplicate true copies of the SUMMONS together with accompanying duplicate true copies of the PLAINTIFF'S ORIGINAL COMPLAINT AND APPLICATION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY AND PERMANENT INJUNCTION AND RECOVERY OF DAMAGES; APPENDIX TO PLAINTIFF'S ORIGINAL COMPLAINT AND APPLICATION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY AND PERMANENT INJUNCTION AND RECOVERY OF DAMAGES; BRIEF IN SUPPORT OF PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION; PLAINTIFF'S MOTION FOR LEAVE TO FILE AFFIDAVIT OF MICHELLE FRAZIER UNDER SEAL PURSUANT TO LOCAL RULE 79.3, AND BRIEF; APPENDIX TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AFFIDAVIT OF MICHELLE FRAZIER UNDER SEAL PURSUANT TO LOCAL RULE 79.3, AND BRIEF; CERTIFICATE OF INTERESTED PERSONS; CERTIFICATE OF ATTORNEY UNDER FRCP 65 (B) (1) (B) AND LOCAL RULE 7.1. PROPOSED TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE; PROPOSED ORDER.

FEE: $ 70 Paid

                                                    Bruce Elfant,
                                        Travis County Constable Precinct 5
                                               Travis County, Texas


                                    by: _____
                                            Lydia M. Barron, Deputy

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Texas

SoS

Dickey's Barbecue Restaurants, Inc.

――――――――――――――――――――
*Plaintiff*

v.

Lira, LLC and Luigi Mangione

――――――――――――――――――――
*Defendant*

)
)
)
)
)
)
)
)

Civil Action No.

**3 - 1 0 C V 0 3 0 0 - P**

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

Mr. Luigi Mangione
2441 N. Snow Goose Way
Meridian, Idaho 83646

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Mr. Stephen A. Coke

Wesner, Coke & Clymer, P.C.
Three Galleria Tower, Suite 800
13155 Noel Road
Dallas, Texas 75240

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

FEB 1 6 2010

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

## RECEIVED

**2010 FEB 22  PM 1: 55**

CONSTABLE PRECINCT 5
TRAVIS COUNTY, TEXAS

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*

was received by me on *(date)*

☐ I personally served the summons on the individual at *(place)*

on *(date)* ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)*

, a person of suitable age and discretion who resides there,

on *(date)* , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* , who is

designated by law to accept service of process on behalf of *(name of organization)*

on *(date)* ; or

☐ I returned the summons unexecuted because ; or

☐ Other *(specify):*

My fees are $ for travel and $ for services, for a total of $ 0.00

I declare under penalty of perjury that this information is true.

Date:

Bruce Elfant
Constable, Pct. 5, Travis County, Texas

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc:

Cause No. 310CV0300P                    {}          In the Other Court
                                        {}          NORTH DIST County
Plaintiff:                              {}
DICKEYS BARBECUE RESTAURANTS
INC

Defendant:
LIRA LLC AND LUIGI MANGIONE


### Officer's Return

Came to hand February 22, 2010 at 1:55 P.M. and executed in Travis
County, Texas, on February 23, 2010 at 11:20 A.M. by delivering to LIRA LLC
BY SERVING MR. LUIGI MANGIONE by delivering to Hope Andrade, Secretary
of State of the State of Texas, at 1019 Brazos Street, Austin, Texas, 78701,
by delivering to GAYLE MARIE LINEMAN, designated agent for service for the
Secretary of State, duplicate true copies of the SUMMONS together with
accompanying duplicate true copies of the PLAINTIFF'S ORIGINAL
COMPLAINT AND APPLICATION FOR TEMPORARY RESTRAINING ORDER,
PRELIMINARY AND PERMANENT INJUNCTION AND RECOVERY OF DAMAGES;
APPENDIX TO PLAINTIFF'S ORIGINAL COMPLAINT AND APPLICATION FOR
TEMPORARY RESTRAINING ORDER, PRELIMINARY AND PERMANENT
INJUNCTION AND RECOVERY OF DAMAGES; BRIEF IN SUPPORT OF
PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION; PLAINTIFF'S MOTION FOR LEAVE TO FILE
AFFIDAVIT OF MICHELLE FRAZIER UNDER SEAL PURSUANT TO LOCAL RULE
79.3, AND BRIEF; APPENDIX TO PLAINTIFF'S MOTION FOR LEAVE TO FILE
AFFIDAVIT OF MICHELLE FRAZIER UNDER SEAL PURSUANT TO LOCAL RULE
79.3, AND BRIEF; CERTIFICATE OF INTERESTED PERSONS; CERTIFICATE OF
ATTORNEY UNDER FRCP 65 (B) (1) (B) AND LOCAL RULE 7.1. PROPOSED
TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE;
PROPOSED ORDER.

FEE: $ 70 Paid

                                        Bruce Elfant,
                            Travis County Constable Precinct 5
                                    Travis County, Texas


by: _____
                            Lydia M. Barron, Deputy

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Texas

SOS

Dickey's Barbecue Restaurants, Inc.

_____

*Plaintiff*

v.

Lira, LLC and Luigi Mangione

_____

*Defendant*

)
)
)
)
)
)
)
)
)

Civil Action No.

**3 - 10CV0300 - P**

### SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

Lira, LLC, by serving
Mr. Luigi Mangione, Registered Agent at Registered Address at
2441 N. Snow Goose Way
Meridian, Idaho 83646

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Mr. Stephen A. Coke
Wesner, Coke & Clymer, P.C.
Three Galleria Tower, Suite 800
13155 Noel Road
Dallas, Texas 75240

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: FEB 1 6 2010 _____

_____
*Signature of Clerk or Deputy Clerk*

RECEIVED

2010 FEB 22 PM 1:55

CONSTABLE PRECINCT 5
TRAVIS COUNTY, TEXAS

AO 440 (Rev. 12/09) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

Transaction Report

Send
Transaction(s) completed

| No. | TX Date/Time | Destination | Duration | P.# | Result | Mode |
|-----|--------------|-------------|----------|-----|--------|------|
| 567 | MAR-02  08:36 | 2084724410 | 0°01'07" | 008 | OK | N  ECM |

# WESNER COKE & CLYMER, P.C.

Three Galleria Tower – Suite 800
13155 Noel Road
Dallas, Texas  75240
(972) 770-2600 (Telephone)
(972) 770-2601 (Telecopy)

## TELECOPIER TRANSMITTAL INFORMATION

Date:                    March 2, 2010

Name:                    Mr. Luigi Mangione

Firm:                    Lira, LLC/Lira, Inc.

Telecopier No.:          (208) 472-4410

Client Name:             Dickey's Barbecue Restaurants, Inc.

Client/Matter No.:       Lira, LLC

From:                    Stephen A. Coke

**********************************************************

Total Number of Pages (including this page): 8

If you do not receive all the pages, please call: Nancy Porras, operator for this transmission, at (972) 702-7279.

## COMMENTS:

THE INFORMATION CONTAINED IN THIS TELEFAX OR THE ATTACHMENTS IS PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL TO WHOM THIS IS DIRECTED ABOVE.  IF THE RECEIVER OF THIS TELEFAX IS NOT THE NAMED RECIPIENT, YOU HEREBY ARE

# WESNER COKE & CLYMER, P.C.
### Three Galleria Tower – Suite 800
### 13155 Noel Road
### Dallas, Texas  75240
### (972) 770-2600 (Telephone)
### (972) 770-2601 (Telecopy)

## TELECOPIER TRANSMITTAL INFORMATION

Date:                       March 2, 2010

Name:                       Mr. Luigi Mangione

Firm:                       Lira, LLC/Lira, Inc.

Telecopier No.:             (208) 472-4410

Client Name:                Dickey's Barbecue Restaurants, Inc.

Client/Matter No.:          Lira, LLC

From:                       Stephen A. Coke

**********************************************

Total Number of Pages (including this page): _8_

If you do not receive all the pages, please call: <u>Nancy Porras</u>, operator for this transmission, at (972) 702-7279.

## COMMENTS:

-----------------------------

THE INFORMATION CONTAINED IN THIS TELEFAX OR THE ATTACHMENTS IS PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL TO WHOM THIS IS DIRECTED ABOVE.  IF THE RECEIVER OF THIS TELEFAX IS NOT THE NAMED RECIPIENT, YOU HEREBY ARE NOTIFIED NOT TO READ THE COMMENTS OR ANY ATTACHMENTS AND THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED.  IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE.

# WESNER COKE & CLYMER, P.C.

### ATTORNEYS AND COUNSELORS

THREE GALLERIA TOWER · SUITE 800

13155 NOEL ROAD

DALLAS, TEXAS 75240

(972) 770-2600

WRITER'S DIRECT NUMBER

(972) 702-7274

E-Mail: scoke@wccpc.com

FACSIMILE

(972) 770-2601

March 4, 2010

Lira, LLC
Attn: Luigi Mangione, Registered Agent
2441 N. Snow Goose Way
Meridian, ID 83646

<u>Via FED EX 865897112695</u>
<u>and Facsimile(208)888-6086</u>

Mr. Luigi Mangione, Individually
2441 N. Snow Goose Way
Meridian, ID 83646

> Re:   Dickey's Barbecue Restaurants, Inc., vs. Lira, LLC and Luigi Mangione,
> In the United States District Court of Texas for the Northern District of
> Texas, Dallas Division/Civil Action No. 3-10CV-300-P

Dear Mr. Mangione:

Enclosed herewith is a copy of the March 3, 2010 Order of U.S. District Judge Jorge Solis. Please take notice that effective with date of posting of the required bond, each of you are enjoined from the activities referred to in the Order of the Court in Paragraph III, page 6. You should be aware that failure to comply with the Order of the Court may result in your being held in contempt of Court.

Please further note that the Court has provided the opportunity for you to file a response to Defendants' Motion for a Preliminary Injunction by March 10, 2010.

As we have suggested to you on numerous occasions, the parties should attempt to resolve all issues by agreement in order to keep legal expenses to a minimum. I again suggest that you or your counsel contact me in order to more amicably and efficiently resolve the issues in the above cause.

Very truly yours,

Stephen A. Coke

SAC:snp
cc: Dickey's Barbecue Restaurants, Inc. with encl./Via E-mail

**EXHIBIT C**

| | |
|---|---|
| **From:** | ecf_txnd@txnd.uscourts.gov |
| **Sent:** | Thursday, March 04, 2010 11:35 AM |
| **To:** | Courtmail@txnd.uscourts.gov |
| **Subject:** | Activity in Case 3:10-cv-00300-P Dickey's Barbecue Restaurants, Inc. v. Lira, LLC et al Order |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

If you need to know whether you must send the presiding judge a paper copy of a document that you have docketed in this case, click here: Judges' Copy Requirements

### U.S. District Court

### Northern District of Texas

### Notice of Electronic Filing

The following transaction was entered on 3/4/2010 at 11:34 AM CST and filed on 3/4/2010
**Case Name:** Dickey's Barbecue Restaurants, Inc. v. Lira, LLC et al
**Case Number:** 3:10-cv-300
**Filer:**
**Document Number:** 8

**Docket Text:**
ORDER: The Court GRANTS Plaintiff's TRO Application. Defendants have until 3/10/2010 to properly file a response to Plaintiff's Motion for a Preliminary Injunction, and Plaintiffs reply shall be filed by 3/13/2010. (See Order) (Ordered by Judge Jorge A Solis on 3/4/2010) (dnc)

**3:10-cv-300 Notice has been electronically mailed to:**

Richard W Winn rwinn@wccpc.com, nporras@wccpc.com, scoke@wccpc.com

Stephen A Coke scoke@wccpc.com, nporras@wccpc.com, rwinn@wccpc.com

If you have not consented to receive electronic notice, or if you are no longer an active participant in this case and you want electronic noticing to be turned off so that you will stop receiving filing notices, click here, then click on "Ask a Question."
**3:10-cv-300 Notice will be delivered by other means to (contact Clerk for details):**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1004035775 [Date=3/4/2010] [FileNumber=4747879-0]
[2d1080ca82163e87143dbbf066367dd1eb9afcd02b036174cacc7d10185e667e9602
e5a32f94c53e9c27acfafecb4529a91b0dfabbef83424c475cc8f243e9c9]]

3/4/2010

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DICKEY'S BARBECUE RESTAURANTS, INC., | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 3:10-CV-300-P |
| | § | |
| LIRA, LLC and LUIGI MANGIONE, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Now before the Court is Plaintiff Dickey's Barbecue Restaurants, Inc.'s ("Plaintiff" or "Dickey's") Original Complaint and Application for a Temporary Restraining Order ("TRO Application") and Application for a Preliminary Injunction filed on February 16, 2010.[1] Defendants Lira, LLC ("Lira") and Luigi Mangione ("Mangione") (collectively "Defendants") did not respond. After reviewing Plaintiff's briefing, the evidence, and the applicable law, the Court GRANTS Plaintiff's TRO Application.

### I.  Background

There is sufficient evidence to support Plaintiff's allegations that:

1. Dickey's Barbecue Pit ("Dickey's") is fast-food style restaurant that serves "freshly-prepared barbecue meats and other food products." (Pl.'s Compl. ¶ 9.) The time, skill, effort, and money that Plaintiff has put in to developing Dickey's has given it the right to control the use of the Dickey's name, as well as all trademarks, proprietary marks, and trade secrets associated with Dickey's.

---

[1] On the same date, a summons was issued to Defendants. Though the summons has not yet been returned executed, Plaintiff has represented to the Court that copies of the TRO Application were sent via FedEx to Defendants and Mr. Blair Clark, an attorney in Boise, Idaho, known to have represented Defendants in the past. Additionally, the Court made several informal attempts to contact Mr. Clark in effort to allow Defendants to expeditiously submit a response to Plaintiff's TRO Application. Mr. Clark never personally returned the Court's phone calls. But the immediacy of the need to speak with him was conveyed to his voicemail and his firm's office manager. To this date, the Court still has not been contacted by Defendants or Mr. Clark.

2. Additionally, Plaintiff has registered and continuously used the names and marks "Dickey's" and "Dickey's Barbecue Pit" and "Since 1941 Dickey's Barbecue Pit." (Pl.'s Compl. Ex. B-D.)

3. Plaintiff entered into a Franchise Agreement with Lira's predecessor in interest Lira, Inc. on or about March 20, 2006, which allowed Lira, Inc. to operate a Dickey's Barbecue Pit at 2441 N. Snow Goose Way, Meridian, Idaho, 83646 ("Franchisee"). (Pl.'s Compl. ¶ 12.)

4. On March 1, 2007, Plaintiff and Lira executed an assumption of rights agreement which gave transferred to Lira any and all of Lira, Inc.'s rights and obligations under the agreement. Mangione guaranteed the covenants, representations and warranties of the Franchisee and acknowledged and accepted the undertakings of the principals in the Agreement.

5. Pursuant to the Franchise Agreement Defendants are required to pay royalty and advertising fees on or before the tenth day of each calendar month. (Franchise Agreement 6-7.)[2] Defendants did not pay the royalty or advertising fees due on October 10, 2009 or any month thereafter. As of February 9, 2010, the total amount of royalty fees owed by Defendants was $16,203.93. (Pl.'s Compl. Ex. A.)

6. Defendant also violated the Franchise Agreement by failing to account for off-site sales and remain open on a required date (November 27, 2010- Black Friday) (Pl.'s Compl. ¶ 17.)

7. On January 19, 2010, Dickey's gave notice to Defendants that the Franchise Agreement was terminated due to Defendants' breach of its terms. (*Id.* ¶ 18.) When Dickey's informed Defendants that the franchise agreement had been terminated, notice was also given to immediately cease and desist operation of the Dickey's Restaurant operated in Merdian, Idaho. (*Id.*) Additionally, Defendant was instructed to cease use of all signs, symbols, and other things associated with Dickey's including making the outside premises void of anything that would identify the location as formerly being a Dickey's restaurant. (*Id.*)

8. On January 29, 2010, the Director of Construction for Plaintiff made an on-site inspection and discovered that Defendants had continued to use Plaintiff's trademarks, trade secrets, proprietary marks, and the Dickey's décor. Examples of this include, but are not limited to the following :

    (a) Defendants had continued operation of a restaurant, but the Restaurant was now named "L.L. Barbecue Pit;"

---

[2] The Franchise Agreement is attached to the affidavit of Michelle Frazier. Pursuant to LR 79.3, both of these documents have been filed under seal.

(b) The electric exterior sign over the main entrance had been modified by removing the part of the sign that said "Dickey's" and replacing it with "LL," the part of the sign that said "Barbecue Pit" remained unchanged;

(c) Near the location that customers place their orders were two large Dickey's menu boards which clearly read "Dickey's Plates" and "Dickey's Classics;"

(d) Defendants were still using yellow plastic cups with "Since 1941 Dickey's Barbecue Pit" printed on the outside – these cups are referred to on the Dickey's menu as the "Big Yellow Cup;"

(e) The receipts given to customers read "Dickey's BBQ;"

(f) There was a photograph of Mr. Dickey, President Reagan and Dickey's employees hanging on the wall;

(g) Continued serving food utilizing secret recipes;

(Pl.'s App. Aff. and Attached Exs.)

9.  As of the date of this Order, there has been no indication that Defendant has ceased the use of Plaintiff's trademarks, proprietary marks, and trade secrets in the manner described above.

10. Since Plaintiff filed this TRO Application, Defendants have been given written and oral notice of the complaint and pending TRO Application.

## II. Legal Analysis & Discussion

To obtain a temporary restraining order, the moving party must demonstrate to the Court that: (1) there is a substantial likelihood of success on the merits; (2) there is a substantial threat of irreparable injury to the plaintiff if the injunction is not granted; (3) the threatened outweighs any injury the injunction may cause to the defendant; and (4) granting the injunction will not disserve the public interest. *See Sugar Busters, LLC v. Brennan*, 177 F.3d 258, 265 (5th Cir. 1999). If the moving party cannot prove all four of these elements, a court must deny the injunctive relief since "[t]he decision to grant a preliminary injunction is to be treated as the

exception rather than the rule." *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985).

### 1.   Likelihood of Success on the Merits

When determining the likelihood of success on the merits, a court looks to the standards of the substantive law. *See Roho, Inc. V. Marquis*, 902 F.2d 356, 358 (5th Cir. 1990). To obtain an injunction, the likelihood of success must be more than negligible. *See Compact Van Equip. Co. v. Leggett & Platt, Inc.*, 566 F.2d 952, 954 (5th Cir. 1978).

Plaintiff seeks injunctive relief on trademark infringement grounds. There is strong evidence that Plaintiff has ownership over the trademarks, proprietary marks, and trade secrets that distinguish Dickey's from other restaurant chains. Though the Franchise Agreement gave Defendants a limited right to use these marks, the Franchise Agreement was terminated on January 19, 2010. Despite the termination of the franchise agreement Defendants continue to use the trademarks, proprietary marks, and trade secrets of the Dickey's system without authorization or consent, all in violation of 15 U.S.C. § 1114(a). Accordingly, Plaintiff has shown a substantially likelihood of succeeding on its claim against Defendants for trademark infringement.

### 2.   Irreparable Injury

An irreparable injury is one that can not be remedied by monetary damages following trial. *Deerfield Med. Ctr. v. Deerfield Beach*, 661, F.2d 328, 338 (5th Cir. 1981). Establishing a strong likelihood of confusion in the consumer's mind "almost inevitably establishes irreparable harm." *Church of Scientology Int'l v. Elmira Mission of Church of Scientology*, 794 F.2d 38, 42 (2d Cir. 1985); *see also Lennar Pac. Props. Mgmt. v. Dauben, Inc.*, No. 3:07-CV-1411-G (N.D.

Tex. Aug. 6, 2007) ("[T]rademark infringement is, as a matter of law, an irreparable injury.").
Plaintiff's

There is strong evidence that Defendants use of the trademarks, proprietary marks, and trade secrets of the Dickey's system has a strong likelihood of leading customers to believe that the service and food provided at Defendants' restaurant is representative of Dickey's. The evidence establishes the danger of confusion and loss of Plaintiff's good will as a result of consumer confusion. In turn, the danger of consumer confusion establishes a significant risk of irreparable injury.

### 3. Balancing the Risks of Injury

The harm to Plaintiff, discussed above, which would result from not granting the TRO Application outweighs the possible harm to Defendants. When discussing the possible harm to Defendants it is important to note that the evidence indicates Defendants acknowledgment of the franchise agreement being terminated. This is evidenced by the fact that Defendants appear to have already attempted to transition to a restaurant that is named "LL Barbecue Pit." Defendants apparent acknowledgment that the franchise agreement has been terminated reduces the risk of erroneously enjoining Defendants from using the trademarks, proprietary marks, and trade secrets of the Dickey's system.

Moreover, the possible harm to Defendants is reduced by having already begun the transition. After all, the possible harm to Defendants is the financial loss that would be suffered by having to close its business doors in order to remove from the premises anything that would represent to the public that the restaurant is affiliated with Dickey's. By already beginning to transition from Dickey's to another restaurant the time needed to make a full transition is likely reduced.

Even in the absence of these factors, the harm that would be caused to Plaintiff in the absence of a TRO would outweigh the harm to Defendant.  Whatever financial harm may be caused to Defendant is minimal when compared to the harm that could be caused to the reputation and good will of Plaintiff.

### 4.  Public Interest

Granting  a TRO will not disserve the public interest, as it will minimize consumer and public confusion regarding the original source or affiliation of Defendants' goods and services.  Conversely, not granting a TRO may mislead the public into believing that Dickey's has a vested interest ensuring the enjoyment, health, and safety of people that frequent the restaurant, when this is not actually true.  Additionally, if Defendants were permitted to continue operating a restaurant held out to the public as a Dickey's then it would allow Defendants to benefit from the years of hard work that it has taken to build that brand.  Allowing such conduct would have a chilling effect on the capitalistic principles that led to giving Defendants the opportunity to benefit from Plaintiff's hard work when signing the Franchise Agreement.

### III. Conclusion

**IT IS THEREFORE ORDERED** that Defendants, their attorneys, agents, directors, representatives, and those persons or entities acting in concert with them are enjoined and restrained:

1. Representing to the public that the restaurant located at 2441 N. Snow Goose Way, Meridian, Idaho, is presently or formerly a franchisee of Dickey's.

2. Using, in any manner, any confidential methods, procedures, techniques, and trade secrets, associated with the System, the trademarks, the Proprietary Marks, and all other distinctive forms, slogans, signs, symbols, devices associated with the System, as set forth in the Manuals including all signs, advertising materials, displays, stationary, forms, and other articles which display the trademarks, the Proprietary Marks and trade secrets as those terms are defined in the Franchise Agreement.

3.  Using, disclosing, advertising, promotion or display of the trademarks, Proprietary Marks and trade secrets of Dickey's Barbecue Restaurants, Inc., or its System as such terms are defined in the Franchise Agreement.

4.  Offering for sale, sale or distribution of food, food products and catering services in any manner by falsely designating the origin of the Defendants' products in a manner that is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Defendants with, or to Plaintiff Dickey's Barbecue Restaurants, Inc. or its System.

5.  Passing off or otherwise representing to the public in any way that the products sold by Defendants emanate from or are related in source or sponsorship or any other way to Plaintiff Dickey's Barbecue Restaurants, Inc.

6.  Infringing on Plaintiff Dickey's Barbecue Restaurants, Inc. common-law rights by using, advertising, promotion, display, distribution, offering for sale, and sale of any product copying Plaintiff's System, trademarks, Proprietary Marks and trade secrets.

7.  Injuring Plaintiff Dickey's Barbecue Restaurants, Inc.'s business reputation or diluting the distinctive quality of Dickey's Barbecue Restaurants, Inc.'s System, trademarks, Proprietary Marks and trade secrets.

8.  Engaging in deceptive trade practices or acts in the conduct of their business by using, advertising, promotion, display, distribution, offering for sale, and sale of food, food products, and catering services at their restaurant or otherwise, copying the Dickey's Barbecue Restaurants, Inc.'s System, trademarks, Proprietary Marks and trade secrets.

**IT IS FURTHER ORDERED** that:

9.  This Temporary Restraining Order shall become effective when Plaintiff Dickey's Barbecue Restaurants, Inc. posts a surety bond with the Clerk of the Court in the sum of $5,000 in order to secure the payment of any costs and damages that may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained.

10. Plaintiff Dickey's Barbecue Restaurants, Inc. act with all haste to serve a copy of this Order on each Defendant or counsel for any Defendant by personal service, or by sending it by Express Mail or Federal Express.

11. This Order will continue in effect until 11:30 a.m. (Central Time) on March 17, 2010, or until it is otherwise altered by a written and signed order of the Court.

12. Defendants have until March 10, 2010, to properly file a response to Defendants'
Motion for a Preliminary Injunction, and Plaintiff's reply shall be filed by March 13,
2010.

**IT IS SO ORDERED.**

Signed this 3rd day of March, 2010 at 11:45 a.m. (Central Time)

JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE

# WESNER COKE & CLYMER, P.C.
### Three Galleria Tower – Suite 800
### 13155 Noel Road
### Dallas, Texas  75240
### (972) 770-2600 (Telephone)
### (972) 770-2601 (Telecopy)

## TELECOPIER TRANSMITTAL INFORMATION

Date:                                March 4, 2010

Name:                              Luigi Mangione

Firm:                                Dickey's Barbecue Pit

Telecopier No.                   208-888-6086

Client Name:                     Dickey's Barbecue Restaurants, Inc.

Client/Matter No.:              Lira, LLC

From:                               Stephen A. Coke

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Total Number of Pages (including this page):  *11*

If you do not receive all the pages, please call: <u>Nancy Porras</u>, operator for this transmission, at (972) 702-7279.

## COMMENTS:

---------------------------
THE INFORMATION CONTAINED IN THIS TELEFAX OR THE ATTACHMENTS IS PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL TO WHOM THIS IS DIRECTED ABOVE.  IF THE RECEIVER OF THIS TELEFAX IS NOT THE NAMED RECIPIENT, YOU HEREBY ARE NOTIFIED NOT TO READ THE COMMENTS OR ANY ATTACHMENTS AND THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED.  IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE.

Transaction Report

Send
Transaction(s) completed

| No. | TX Date/Time | Destination | Duration | P. # | Result | Mode |
|-----|--------------|-------------|----------|------|--------|------|
| 577 | MAR-04   13:20 | 208 888 6086 | 0°03'09" | 011 | OK | N ECM |

# WESNER COKE & CLYMER, P.C.
### Three Galleria Tower – Suite 800
### 13155 Noel Road
### Dallas, Texas 75240
### (972) 770-2600 (Telephone)
### (972) 770-2601 (Telecopy)

## TELECOPIER TRANSMITTAL INFORMATION

Date:                     March 4, 2010

Name:                     Luigi Mangione

Firm:                     Dickey's Barbecue Pit

Telecopier No.            208-888-6086

Client Name:              Dickey's Barbecue Restaurants, Inc.

Client/Matter No.:        Lira, LLC

From:                     Stephen A. Coke

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Total Number of Pages (including this page):  11

If you do not receive all the pages, please call: Nancy Porras, operator for this transmission, at (972) 702-7279.

## COMMENTS:

THE INFORMATION CONTAINED IN THIS TELEFAX OR THE ATTACHMENTS IS PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE
USE OF THE INDIVIDUAL TO WHOM THIS IS DIRECTED ABOVE. IF THE RECEIVER OF THIS TELEFAX IS NOT THE NAMED RECIPIENT, YOU HEREBY ARE

**IMPORTANT!** FedEx Express service to Santiago, Chile has resumed; however, local restrictions may still cause some delays. Learn more

# Detailed Results

Printer-Friendly          Get Link          Help

Enter tracking number

`Track`

| Detailed Results | Notifications |
|---|---|

Tracking no.: 865897112695        Select time format: <u>12H</u> | <u>24H</u>          E-mail notifications

## Delivered

Initiated    Picked up    In transit    Delivered

**Delivered**
Signed for by: L.M

**Shipment Dates**                          Destination

Ship date ⑦  Mar 4, 2010
Delivery date ⑦  Mar 5, 2010 9:16 AM         Proof of Delivery ⑦

## Shipment Facts                                                    Help

| | | | |
|---|---|---|---|
| Service type | Priority Envelope - Direct Signature Required ⑦ | Delivered to | Residence |

## Shipment Travel History                                          Help

Select time zone:  Local Scan Time

All shipment travel activity is displayed in local time for the location

| Date/Time | Activity | Location | Details |
|---|---|---|---|
| Mar 5, 2010 9:16 AM | Delivered | | |
| Mar 5, 2010 8:45 AM | On FedEx vehicle for delivery | BOISE, ID | |
| Mar 5, 2010 8:02 AM | At local FedEx facility | BOISE, ID | |
| Mar 5, 2010 7:03 AM | At dest sort facility | BOISE, ID | |
| Mar 5, 2010 3:52 AM | Departed FedEx location | MEMPHIS, TN | |
| Mar 4, 2010 10:55 PM | Arrived at FedEx location | MEMPHIS, TN | |
| Mar 4, 2010 8:28 PM | Left FedEx origin facility | ADDISON, TX | |
| Mar 4, 2010 7:53 PM | Picked up | ADDISON, TX | |

Global Home | Small Business Center | Service Info | About FedEx | Investor Relations | Careers | fedex.com Terms of Use | Privacy Policy | Site Map
This site is protected by copyright and trademark laws under US and International law. All rights reserved. © 1995- 2010 FedEx

WESNER COKE & CLYMER, P.C.

ATTORNEYS AND COUNSELORS

THREE GALLERIA TOWER · SUITE 800

13155 NOEL ROAD

DALLAS, TEXAS 75240

(972) 770-2600

WRITER'S DIRECT NUMBER

(972) 702-7274

E-Mail: scoke@wccpc.com

FACSIMILE

(972) 770-2601

March 9, 2010

Lira, LLC
Attn: Luigi Mangione, Registered Agent
2441 N. Snow Goose Way
Meridian, ID 83646

<u>Via FED EX 865897112684</u>
<u>and Facsimile(208)888-6086</u>

Mr. Luigi Mangione, Individually
2441 N. Snow Goose Way
Meridian, ID 83646

> Re:    Dickey's Barbecue Restaurants, Inc., vs. Lira, LLC and Luigi Mangione,
> In the United States District Court of Texas for the Northern District of
> Texas, Dallas Division/Civil Action No. 3-10CV-300-P

Dear Mr. Mangione:

Enclosed herewith is the Temporary Restraining Order Bond filed by Plaintiff in the U.S. District Court, Northern District of Texas on March 9, 2010 in the above styled and numbered cause.

The enclosure is tendered pursuant to the Order of the Court entered on March 3, 2010.

Very truly yours,

Stephen A. Coke

SAC:snp
cc: Dickey's Barbecue Restaurants, Inc. with encl./Via E-mail

**EXHIBIT D**

Bond No. 022029403

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

2010 MAR -9  AM 9: 53

DEPUTY CLERK _____

DICKEY'S BARBECUE RESTAURANTS, INC.

        Plaintiff,        Ⅺ

                             Ⅺ

v.                           Ⅺ

                             Ⅺ        3:10-CV-300-P

LIRA, LLC and LUIGI MANGIONE,     Ⅺ

                             Ⅺ

        Defendants.

### Temporary Restraining Order Bond

KNOW ALL MEN BY THESE PRESENTS, THAT WE, Dickey's Barbecue Restaurants, Inc._____, as principal, and **Liberty Mutual Insurance Company,** as Surety, are held and firmly bound unto Lira, LLC and Luigi Mangione _____, Defendant, in the sum of **FIVE THOUSAND & NO/100** DOLLARS for the payment of which, well and truly to be made, we bind ourselves, our heirs, executors and administrators, jointly and severally, by these presents.

WHEREAS, by order of the **United States District Judge, Northern District of Texas, Dallas Division** on the **3rd** day of **March**, **2010**, Plaintiff was required to file this bond in the sum of **Five Thousand and No/100 – – – –($5,000.00)** DOLLARS as a condition for a Temporary Restraining Order, to be in effect enjoining the above named Defendant from the commission of certain acts as more fully set forth in said order.

NOW THEREFORE, **Liberty Mutual Insurance Company**, as Surety, in consideration of the premises and the issuance of the Temporary Restraining Order, do hereby undertake all costs, disbursements, and such damages that may be decreed to the Defendant not exceeding the amount of **$5,000.00**.

Dollars as the Defendant may sustain by reason of said Temporary Restraining Order if the same be wrongful and without sufficient cause, otherwise this surety bond should be null and void.

Signed, sealed and dated this **8th** day of **March**, **2010**

DICKEY'S BARBECUE RESTAURANTS, INC.

                               Principal

By: _____

    Roland R. Dickey, Jr., President

Liberty Mutual Insurance Company

                            Surety

By: _____, Attorney-in-fact

    Linda Spratt

2579456

THIS POWER OF ATTORNEY IS NOT VALID UNLESS IT IS PRINTED ON RED BACKGROUND.

This Power of Attorney limits the acts of those named herein, and they have no authority to bind the Company except in the manner and to the extent herein stated.

## LIBERTY MUTUAL INSURANCE COMPANY
### BOSTON, MASSACHUSETTS
### POWER OF ATTORNEY

KNOW ALL PERSONS BY THESE PRESENTS: That Liberty Mutual Insurance Company (the "Company"), a Massachusetts stock insurance company, pursuant to and by authority of the By-law and Authorization hereinafter set forth, does hereby name, constitute and appoint

**LINDA SPRATT, JEFFERY L. TRENTHAM, KEITH MONTGOMERY, ALL OF THE CITY OF DALLAS, STATE OF TEXAS**

...................................................................................................................................................................................

, each individually if there be more than one named, its true and lawful attorney-in-fact to make, execute, seal, acknowledge and deliver, for and on its behalf as surety and as its act and deed, any and all undertakings, bonds, recognizances and other surety obligations in the penal sum not exceeding **TWENTY FIVE MILLION AND 00/100********************** DOLLARS ($ 25,000,000.00***** )** each, and the execution of such undertakings, bonds, recognizances and other surety obligations, in pursuance of these presents, shall be as binding upon the Company as if they had been duly signed by the president and attested by the secretary of the Company in their own proper persons.

That this power is made and executed pursuant to and by authority of the following By-law and Authorization:

ARTICLE XIII - Execution of Contracts: Section 5. Surety Bonds and Undertakings.
Any officer of the Company authorized for that purpose in writing by the chairman or the president, and subject to such limitations as the chairman or the president may prescribe, shall appoint such attorneys-in-fact, as may be necessary to act in behalf of the Company to make, execute, seal, acknowledge and deliver as surety any and all undertakings, bonds, recognizances and other surety obligations. Such attorneys-in-fact, subject to the limitations set forth in their respective powers of attorney, shall have full power to bind the Company by their signature and execution of any such instruments and to attach thereto the seal of the Company. When so executed such instruments shall be as binding as if signed by the president and attested by the secretary.

By the following instrument the chairman or the president has authorized the officer or other official named therein to appoint attorneys-in-fact:

Pursuant to Article XIII, Section 5 of the By-Laws, Garnet W. Elliott, Assistant Secretary of Liberty Mutual Insurance Company, is hereby authorized to appoint such attorneys-in-fact as may be necessary to act in behalf of the Company to make, execute, seal, acknowledge and deliver as surety any and all undertakings, bonds, recognizances and other surety obligations.

That the By-law and the Authorization set forth above are true copies thereof and are now in full force and effect.

IN WITNESS WHEREOF, this Power of Attorney has been subscribed by an authorized officer or official of the Company and the corporate seal of Liberty Mutual Insurance Company has been affixed thereto in Plymouth Meeting, Pennsylvania this ____5th___ day of ____June_____ , 2009 .

LIBERTY MUTUAL INSURANCE COMPANY

By _____
Garnet W. Elliott, Assistant Secretary

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF MONTGOMERY    ss

On this _5th___ day of ___June_____ , _2009__ , before me, a Notary Public, personally came Garnet W. Elliott, to me known, and acknowledged that he is an Assistant Secretary of Liberty Mutual Insurance Company; that he knows the seal of said corporation; and that he executed the above Power of Attorney and affixed the corporate seal of Liberty Mutual Insurance Company thereto with the authority and at the direction of said corporation.

IN TESTIMONY WHEREOF, I have hereunto subscribed my name and affixed my notarial seal at Plymouth Meeting, Pennsylvania, on the day and year first above written.

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Teresa Pastella, Notary Public
Plymouth Twp., Montgomery County
My Commission Expires March 28, 2013
Member, Pennsylvania Association of Notaries

By _____
Teresa Pastella, Notary Public

CERTIFICATE

I, the undersigned, Assistant Secretary of Liberty Mutual Insurance Company, do hereby certify that the original power of attorney of which the foregoing is a full, true and correct copy, is in full force and effect on the date of this certificate; and I do further certify that the officer or official who executed the said power of attorney is an Assistant Secretary specially authorized by the chairman or the president to appoint attorneys-in-fact as provided in Article XIII, Section 5 of the By-laws of Liberty Mutual Insurance Company.

This certificate and the above power of attorney may be signed by facsimile or mechanically reproduced signatures under and by authority of the following vote of the board of directors of Liberty Mutual Insurance Company at a meeting duly called and held on the 12th day of March, 1980.

VOTED that the facsimile or mechanically reproduced signature of any assistant secretary of the company, wherever appearing upon a certified copy of any power of attorney issued by the company in connection with surety bonds, shall be valid and binding upon the company with the same force and effect as though manually affixed.

IN TESTIMONY WHEREOF, I have hereunto subscribed my name and affixed the corporate seal of the said company, this _____**8th**_____ day of ___**March**____ , _**2010**__ .

By _____
David M. Carey, Assistant Secretary

*(left margin, vertical text)* Not valid for mortgage, note, loan, letter of credit, bank deposit, currency rate, interest rate or residual value guarantees.

*(right margin, vertical text)* To confirm the validity of this Power of Attorney call 1-610-832-8240 between 9:00 am and 4:30 pm EST on any business day.



# Important Notice

TO OBTAIN INFORMATION ABOUT THIS BOND OR TO MAKE A COMPLAINT:

You may contact the Texas Department of Insurance to obtain information on companies, coverages, rights or complaints at:

800-252-3439

You may write the Texas Department of Insurance at:

P. O. Box 149104
Austin, TX  78714-9104

Your notice of claim against the attached bond may be given to the Surety Company that issued the bond by sending it to the following address:

Liberty Mutual Surety
Interchange Corporate Center
450 Plymouth Road, Suite 400
Plymouth Meeting, PA  19462-8284

You may contact the claim office by telephone at:

610-832-8240

Premium or Claim Disputes

If you have a dispute concerning a premium, you should contact the agent first.  If you have a dispute concerning a claim, you should contact the company first.  If the dispute is not resolved, you may contact the Texas Department of Insurance.

*This notice is for information purposes only and does not become a part of or a condition of the attached document.  It is given to comply with Section 2253.048, Government Code, and Section 53.202, Property Code, Effective September 1, 2001*

# WESNER COKE & CLYMER, P.C.
### Three Galleria Tower – Suite 800
### 13155 Noel Road
### Dallas, Texas 75240
### (972) 770-2600 (Telephone)
### (972) 770-2601 (Telecopy)

## TELECOPIER TRANSMITTAL INFORMATION

Date:                         March 9, 2010

Name:                         Luigi Mangione

Firm:                         Dickey's Barbecue Pit

Telecopier No.                208-888-6086

Client Name:                  Dickey's Barbecue Restaurants, Inc.

Client/Matter No.:            Lira, LLC

From:                         Stephen A. Coke

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Total Number of Pages (including this page): 5

If you do not receive all the pages, please call: <u>Nancy Porras</u>, operator for this transmission, at (972) 702-7279.

## COMMENTS:

THE INFORMATION CONTAINED IN THIS TELEFAX OR THE ATTACHMENTS IS PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL TO WHOM THIS IS DIRECTED ABOVE. IF THE RECEIVER OF THIS TELEFAX IS NOT THE NAMED RECIPIENT, YOU HEREBY ARE NOTIFIED NOT TO READ THE COMMENTS OR ANY ATTACHMENTS AND THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE.

Transaction Report

Send
Transaction(s) completed

| No. | TX Date/Time | Destination | Duration P.# | Result | Mode |
|-----|--------------|-------------|--------------|--------|------|
| 593 | MAR-09 11:08 | 208 888 6086 | 0°01'44" 005 | OK | N ECM |

# WESNER COKE & CLYMER, P.C.
### Three Galleria Tower – Suite 800
### 13155 Noel Road
### Dallas, Texas 75240
### (972) 770-2600 (Telephone)
### (972) 770-2601 (Telecopy)

## TELECOPIER TRANSMITTAL INFORMATION

Date:                 March 9, 2010

Name:                 Luigi Mangione

Firm:                 Dickey's Barbecue Pit

Telecopier No.        208-888-6086

Client Name:          Dickey's Barbecue Restaurants, Inc.

Client/Matter No.:    Lira, LLC

From:                 Stephen A. Coke

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Total Number of Pages (including this page): 5

If you do not receive all the pages, please call: Nancy Porras, operator for this transmission, at (972) 702-7279.

## COMMENTS:

THE INFORMATION CONTAINED IN THIS TELEFAX OR THE ATTACHMENTS IS PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL TO WHOM THIS IS DIRECTED ABOVE. IF THE RECEIVER OF THIS TELEFAX IS NOT THE NAMED RECIPIENT, YOU HEREBY ARE NOTIFIED NOT TO READ THE COMMENTS OR ANY ATTACHMENTS AND THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS



| Package/Envelope | Freight | Expedited | Office/Print Services ✱ |
|---|---|---|---|

Ship ▸          Track ▸          Manage ▸          Business Solutions ▸

## Detailed Results

Printer-Friendly          Get Link          Help

Enter tracking number          [Track]

| Detailed Results | Notifications |
|---|---|

Tracking no.: 865897112684          Select time format: 12H | 24H          E-mail notifications

## Delivered

Initiated — Picked up — In transit — Delivered

**Delivered**
Signed for by: L.M

### Shipment Dates

Ship date ⓘ  Mar 9, 2010
Delivery date ⓘ  Mar 10, 2010 2:23 PM

### Destination

Signature Proof of Delivery ⓘ

### Shipment Facts          Help

Service type        Standard Envelope - Direct Signature    Delivered to        Residence
                    Required ⓘ

### Shipment Travel History          Help

Select time zone:  Local Scan Time

All shipment travel activity is displayed in local time for the location

| Date/Time | Activity | Location | Details |
|---|---|---|---|
| Mar 10, 2010 2:23 PM | **Delivered** | | |
| Mar 10, 2010 8:51 AM | On FedEx vehicle for delivery | BOISE, ID | |
| Mar 10, 2010 8:38 AM | At local FedEx facility | BOISE, ID | |
| Mar 10, 2010 7:28 AM | At dest sort facility | BOISE, ID | |
| Mar 10, 2010 4:55 AM | Departed FedEx location | MEMPHIS, TN | |
| Mar 10, 2010 1:27 AM | Arrived at FedEx location | MEMPHIS, TN | |
| Mar 9, 2010 8:58 PM | Left FedEx origin facility | ADDISON, TX | |
| Mar 9, 2010 7:12 PM | Picked up | ADDISON, TX | |

This site is protected by copyright and trademark laws under US and International law. All rights reserved. © 1995- 2010 FedEx

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

DICKEY'S BARBECUE RESTAURANTS, INC. §
         Plaintiff,             §

                               §     CIVIL ACTION NO.3:10-CV-0300-P

                               §

vs.                          §

                               §

LIRA, LLC and LUIGI MANGIONE    §

               Defendants.

### FIRST SUPPLEMENT TO AFFIDAVIT OF DANIEL SIBLEY

STATE OF TEXAS      §

                       §

COUNTY OF DALLAS   §

The undersigned Daniel Sibley, states as follows:

1.     My name is Daniel Sibley.  I am over the age of twenty-one (21) years, of sound mind and have never been convicted of a felony.  I am an adult resident of the State of Texas and am fully competent and capable to testify herein.  I have personal knowledge of all of the facts as set forth herein and I am able to swear, and I do hereby swear that all of the facts and statements herein are true and correct.

2.     From July 2008 to January 2009 I was the Project Manager for Dickey's Barbecue Restaurants, Inc.  From January 2009 to current,  I have been Director of Construction for Dickey's Barbecue Restaurants, Inc.  As Director of Construction, I am familiar with the Dickey's System, Trademarks, Proprietary Marks and Trade Secrets involved in the construction and operation of a "Dickey's Barbecue Pit" as those terms are defined and referred to in the standard Franchise Agreement utilized for all franchisees of Dickey's Barbecue Restaurants,

Inc., a Texas corporation.

3.      I submit this affidavit in support of Plaintiff's request for a temporary restraining order and for temporary and permanent injunction.

4.      On January 27, 2010, I was notified by Mr. Roland Dickey, Jr., President of Dickey's Barbecue Restaurants, Inc. that the Franchise Agreement concerning the Meridian, Idaho franchise, located at 2845 E. Overland Rd., Suite 190, Meridian, Idaho, 83642[1] had been terminated.  Mr. Dickey instructed me to conduct an on-site inspection of the franchise location to determine whether the franchisee had complied with the notice of termination and the franchisee's post-termination obligations under the Franchise Agreement.  On Thursday, January 28, 2010, I traveled to Boise, Idaho and subsequently visited the Dickey's Barbecue Pit at 2845 E. Overland Rd., Suite 190, Meridian, Idaho, 83642.

Pursuant to 28 U.S.C. §1746(2), I Daniel Sibley, declare under penalty of perjury that the facts set forth in the Affidavit are true and correct.

Executed on the ___5___ day of April, 2010.

Daniel Sibley

---

[1] In my Affidavit of Daniel Sibley filed February 16, 2010 I inadvertently misidentified the franchise location as 2441 N. Snow Goose Way, Meridian, Idaho 83642, which is actually the registered address of Defendant Lira, LLC.

FIRST SUPPLEMENT TO AFFIDAVIT OF DANIEL SIBLEY                    Page 2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DICKEY'S BARBECUE RESTAURANTS, INC. §
    Plaintiff,       §
             §   CIVIL ACTION NO.3:10-CV-0300-P
             §
             §
vs.             §
             §
             §
LIRA, LLC and LUIGI MANGIONE    §

Defendants.

**FIRST SUPPLEMENT TO AFFIDAVIT OF MICHELLE FRAZIER**

STATE OF TEXAS     §
           §
COUNTY OF DALLAS    §

  The undersigned Michelle Frazier, states as follows:

  1.  My name is Michelle Frazier.  I am over the age of twenty-one (21) years, of sound mind and have never been convicted of a felony.  I am an adult resident of the State of Texas and am fully competent and capable to testify herein.  I have personal knowledge of all of the facts as set forth herein and I am able to swear, and I do hereby swear that all of the facts and statements herein are true and correct.

  2.  From January 27, 2008 to the current date,  I have been Vice President of Accounting and Administration of Dickey's Barbecue Restaurants, Inc.  As Vice President of Accounting and Administration, I am familiar with the standard Franchise Agreement used by Dickey's Barbecue Restaurants, Inc. On or about March 20, 2006, Plaintiff and Defendant Lira, Inc., predecessor in interest to Lira, LLC, executed that certain Franchise Agreement concerning the operation of a Dickey's Barbecue Pit at 2845 E. Overland Rd., Suite 190, Meridian, Idaho,

FIRST SUPPLEMENT TO AFFIDAVIT OF MICHELLE FRAZIER       Page 1

83642 [1](the "Franchise").

     Pursuant to 28 U.S.C. §1746(2), I Michelle Frazier, declare under penalty of perjury that the facts set forth in the Affidavit are true and correct.

     Executed on the ___5___ day of April, 2010.

                                     Michelle Frazier

---

[1] In my Affidavit of Michelle Frazier filed February 16, 2010, I inadvertently misidentified the franchise location as 2441 N. Snow Goose Way, Meridian, Idaho 83642, which is actually the registered address of Defendant Lira, LLC.

FIRST SUPPLEMENT TO AFFIDAVIT OF MICHELLE FRAZIER            Page 2