IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DICKEY'S BARBECUE RESTAURANTS, INC. | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION No. 3:10-CV-0300-P |
| | § | |
| | § | |
| vs. | § | |
| | § | |
| | § | |
| LIRA, LLC and LUIGI MANGIONE | § | |
| | § | |
| Defendants. | § | |

ORDER

CAME ON for consideration Plaintiff's (1) Motion for Default Judgment on Liability Issues (2) Motion for Entry of Permanent Injunction (3) Motion for Civil Contempt and Sanctions and (4) Motion to Correct Record Pursuant to FRCP 60(a) in the above styled and numbered cause and the Court finds, after reviewing the verified complaint filed in this cause, together with the Affidavit of Daniel Sibley, the First Supplement to Affidavit of Daniel Sibley, the Affidavit of Michelle Frazier, the First Supplement to Affidavit of Michelle Frazier, the Affidavit of Lauren Parker, the Affidavit of Stephen A. Coke and the briefs and memoranda of law filed herein, that said the Motions are well taken and should be granted.

IT IS THEREFORE ORDERED that Plaintiff Dickey's Barbecue Restaurants, Inc.'s Motion for Default Judgment on Liability Issues is hereby granted awarding a default judgment on liability issues only on its claims for trademark infringement-Lanham Act, breach of covenant not to compete, misappropriation of trade secrets, suit on sworn account against Defendant Lira, LLC, breach of contract against Defendant Lira, LLC, and breach of guaranty against Defendant Luigi Mangione;

IT IS FURTHER ORDERED that the Court retains for future consideration and determination, Plaintiff Dickey's Barbecue Restaurants, Inc.'s claims for the amount and extent of damages and its suit for an accounting. The Court hereby further orders an accounting for damages and profits arising from Defendants' infringement, false designation of origin, unfair competition and breach of the Franchise Agreement, including all profits realized from the sale of the food, food products and goods at the terminated franchise location or otherwise;

IT IS FURTHER ORDERED that Plaintiff's Motion for Entry of Permanent Injunction is hereby granted restraining and enjoining Defendants Lira, L.L.C. and Luigi Mangione, their officers, agents, servants, employees, attorneys, privies, successors, assigns and all claiming any rights through them and those in active concert or participation with them from:

1. Operating the restaurant located at 2845 E. Overland Rd., Suite 190, Meridian, Idaho 83642 and shall not thereafter directly or indirectly, represent to the public or hold themselves out as a present or former franchisee of Dickey's.

2. Using, in any manner, any confidential methods, procedures, techniques, and trade secrets, associated with the System, the trademarks, the Proprietary Marks, and all other distinctive forms, slogans, signs, symbols, devices associated with the System, as set forth in the Manuals including all signs, advertising materials, displays, stationary, forms, and other articles which display the trademarks, the Proprietary Marks and trade secrets as those terms are defined in the Franchise Agreement.

3. Using, disclosing, advertising, promotion or display of the trademarks, Proprietary Marks and trade secrets of Dickey's Barbecue Restaurants, Inc., or its System as such terms are defined in the Franchise Agreement.

4.      Offering for sale, sale or distribution of food, food products and catering services in any manner by falsely designating the origin of the Defendants' products in a manner that is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Defendants with, or to Plaintiff Dickey's Barbecue Restaurants, Inc. or its System.

5.      Passing off or otherwise representing to the public in any way that the products sold by Defendants emanate from or are related in source or sponsorship or any other way to Plaintiff Dickey's Barbecue Restaurants, Inc.

6.      Infringing on Plaintiff Dickey's Barbecue Restaurants, Inc. common-law rights by using, advertising, promotion, display, distribution, offering for sale, and sale of any product copying Plaintiff's System, trademarks, Proprietary Marks and trade secrets.

7.      Injuring Plaintiff Dickey's Barbecue Restaurants, Inc.'s business reputation or diluting the distinctive quality of Dickey's Barbecue Restaurants, Inc.'s System, trademarks, Proprietary Marks and trade secrets.

8.      Engaging in deceptive trade practices or acts in the conduct of their business by using, advertising, promotion, display, distribution, offering for sale, and sale of food, food products, and catering services at their restaurant or otherwise, copying the Dickey's Barbecue Restaurants, Inc.'s System, trademarks, Proprietary Marks and trade secrets.

9.      Violating the confidentiality and non-compete agreements set forth in the Franchise Agreement including, without limitation, by owning, maintaining, operating, engaging in or having any financial or beneficial interest in, advising, assisting or making loans to, any business which is the same as or similar to a Dickey's restaurant, including, but not limited to, any food business which offers barbecue-style food as a primary menu item which business is, or is intended to be, located within a five (5) mile radius of 2845 E. Overland Rd., Suite 190,

Meridian, Idaho 83642 for a period of two (2) years following the termination of the Franchise Agreement on January 19, 2010;

IT IS FURTHER ORDERED that that all manuals, signs, sign boards, electric signs, menus, prints, displays, packages, plates, cups, décor items, photographs, wrappers, receptacles, or advertisements or other items constituting a part of the Dickey's System in the possession of Defendants Lira, LLC and Luigi Mangione bearing the infringing Trademarks, Proprietary Marks, Trade Secrets or constituting part of the System must be delivered up to the Court for impounding and that such material be destroyed;

IT IS FURTHER ORDERED that Plaintiff's Motion for Civil Contempt and Sanctions is hereby granted and that Defendants Lira, LLC and Luigia Mangione are hereby ordered to cause **in writing on or before May 24, 2010** why such Defendant should not be held in civil contempt for their disobedience of this Court's Order dated March 3, 2010, and extended March 17, 2010, granting a temporary restraining order and ordering Defendants to respond herein;

IT IS FURTHER ORDERED that Plaintiff Dickey's Barbecue Restaurants, Inc. is hereby awarded its reasonable attorneys' fees and costs necessitated by Defendants' failure to comply and issuing such further sanctions as the court may find necessary to coerce Defendants to comply with the Court's orders;

IT IS FURTHER ORDERED that the surety bond posted with the Clerk of the Court by Dickey's Barbecue Restaurants, Inc. on March 9, 2010 in the sum of $5,000.00 is hereby released in favor of Plaintiff Dickey's Barbecue Restaurants, Inc.;

IT IS FURTHER ORDERED that the record in this case is hereby corrected to reflect that the location of the terminated franchise is 2845 E. Overland Rd., Suite 190, Meridian, Idaho 83642;

IT IS FURTHER ORDERED that Plaintiff Dickey's Barbecue Restaurants, Inc. shall with all haste serve a copy of this Order on each Defendant or counsel for any Defendant by personal service, or by sending it by Express Mail or Federal Express, together with a copy of the accompanying papers, no later than 5:00 p.m. on May 3, 2010.  Any responsive papers must be filed and served on the attorneys for Plaintiff Dickey's Barbecue Restaurants, Inc. no later than on 5:00 p.m., May 24, 2010.

SO ORDERED.

SIGNED this the 22nd day of April, 2010.

_____
JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE